# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SHELLY J. DAVINE, on behalf of herself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE GOLUB CORPORATION, THE PRICE CHOPPER, INC., PRICE CHOPPER OPERATING CO. OF MASSACHUSETTS, INC., NEIL M. GOLUB, JEREL GOLUB, JOHN J. ENDERS, JR., CHRISTINE C. DANIELS, AND JEREL T. GOLUB,**<br><br>**Defendants.** | **Civil Action No.:**<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Shelly J. Davine ("Plaintiff"), individually and as a class representative on behalf of all others similarly situated, by her attorneys Cohen Kinne Valicenti & Cook LLP and Outten & Golden LLP, alleges:

## INTRODUCTION

1.      The Golub Corporation, The Price Chopper Inc., Price Chopper Operating Co. of Massachusetts, Inc., Neil M. Golub, Jerel Golub, John J. Endres, Jr., Christine Daniels, and Jerel T. Golub, (collectively "Price Chopper" or "Defendants") own and/or operate 135 supermarkets in the Northeast United States, including over 15 stores throughout Massachusetts.  Upon information and belief, Defendants employ thousands of workers in these stores.

2.      This case alleges that it is Price Chopper's policy or practice to reduce its labor costs by unlawfully classifying its Department "Team Leaders" – also known as Department "Managers" – as exempt from overtime protections under the Fair Labor Standards Act ("FLSA") and Massachusetts Wage Act ("MWA").

3.     Plaintiff, and the class and collective she seeks to represent, worked alongside overtime-eligible employees, doing the same work as these employees but without the overtime premium pay to which they are entitled under the law for the many hours they worked over forty in a workweek.

4.     Plaintiff brings this action on behalf of herself and a collective of similarly situated current and former Department Team Leaders and/or Department Managers at Price Chopper who elect to opt into this action pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., and specifically the FLSA's collective action provision, 29 U.S.C. § 216(b), to remedy Price Chopper's violations of the overtime provisions of the FLSA that have deprived Plaintiff and similarly situated employees of their lawfully earned wages.

5.     Plaintiff also brings this action on behalf of herself and a class of similarly situated current and former Department Team Leaders and/or Department Managers who worked at Price Chopper stores in Massachusetts pursuant to Fed. R. Civ. P. 23, for violations of the Massachusetts Wage Act's overtime provision, M.G.L. c. 151 § 1A et seq. and payment-of-wages provision, M.G.L. c. 149 § 148 et seq.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7.     Plaintiff's state law claims are so closely related to her claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

8.     This Court also has jurisdiction over the claims under the FLSA pursuant to 29

U.S.C. § 216(b).

9.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

10.     Venue is proper in the District of Massachusetts pursuant to 29 U.S.C. § 1391(b) and (c) because Price Chopper and the Individual Defendants, defined below, are subject to personal jurisdiction in the Commonwealth of Massachusetts and events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

### Plaintiff

11.     Plaintiff is an adult individual who, at all times relevant to this Complaint, has been a resident of North Adams, Berkshire County, Commonwealth of Massachusetts.

12.     Plaintiff was employed as a Department Team Leader and/or Department Manager in three Price Chopper stores in North Adams, Lenox and Lee, Massachusetts from approximately 1983 through June 2014.

13.     Plaintiff regularly worked more than 45 hours a week, and often at least 50 hours a week, without being paid overtime for all of the hours she worked over 40.

14.     Plaintiff's written consent to join form is attached as Exhibit A.

### Defendants

15.     The Golub Corporation is a Delaware Corporation that, upon information and belief, owns and/or operates numerous "Price Chopper" supermarkets in Massachusetts, New York, Connecticut, Vermont, New Hampshire and Pennsylvania.

16.     Its Registered Agent in Massachusetts is CT Corporation, located at 155 Federal Street, Suite 700, Boston, Massachusetts.

3

17.  Upon information and belief, The Price Chopper, Inc. and Price Chopper Operating Co. of Massachusetts, Inc., are registered to do business in Massachusetts.

18.  Their principal place of business is located at 461 Nott Street, Schenectady, New York 12308.

19.  The name and address of the Massachusetts Registered Agent for The Price Chopper, Inc. and Price Chopper Operating Co. of Massachusetts is CT Corporation, located at 155 Federal Street, Suite 700, Boston, Massachusetts.

20.  Neil M. Golub, Jerel T. Golub, John J. Endres, Jr., Christine C. Daniels, and Jerel Golub (the "Individual Defendants") are (or were during times relevant to this Complaint) corporate officers/directors of The Golub Corporation, The Price Chopper, Inc. and Price Chopper Operating Co. of Massachusetts, Inc. ("the Corporate Defendants").

21.  The Corporate Defendants act as a single integrated enterprise that employed and/or jointly employed Plaintiff and those similarly situated during all relevant times.

22.  Upon information and belief, Neil M. Golub was the Chief Executive Officer of the Corporate Defendants until approximately January 1, 2012.

23.  Upon information and belief, after January 1, 2012, Neil M. Golub continued to serve as the Executive Chairman of the Board of The Golub Corporation.

24.  Upon information and belief, Jerel T. Golub became the President and Chief Executive Officer of the Corporate Defendants after Neil M. Golub stepped down.

25.  Upon information and belief, prior to becoming the Chief Executive Office, Jerel T. Golub was the President and Chief Operating Officer of the Corporate Defendants.

26.  Upon information and belief, Jon J. Endres, Jr. is the Treasurer of the Corporate Defendants.

27.     Upon information and belief, Christine Daniels is the Vice President of Legal Services for the Corporate Defendants.

28.     Upon information and belief, Jerel Golub is the Chief Operating Officer of the Corporate Defendants.

29.     Upon information and belief, Neil M. Golub has signed the paychecks of Price Chopper employees, including Plaintiff.

30.     Upon information and belief, during relevant times, Neil M. Golub and Jerel T. Golub have had the power to hire and fire employees of Price Chopper.

31.     Upon information and belief, during all relevant times, each Individual Defendant has the power to make compensation decisions that affect the pay of Price Chopper employees, including Plaintiff.

32.     Upon information and belief, during all relevant times, each Individual Defendant has had the power to decide whether to classify Price Chopper employees, including Plaintiff, as exempt or non-exempt from overtime protections.

33.     Upon information and belief, the Individual Defendants and Price Chopper maintain control, oversight, and direction over the operation of the supermarkets, including their employment practices.

## <u>COLLECTIVE ACTION ALLEGATIONS</u>

34.     Plaintiff brings the first count, FLSA claim, on behalf of herself and all similarly situated persons who work or have worked for Price Chopper between July 30, 2011 and the date of final judgment as Department Team Leaders and/or Department Managers, including, but not limited to, those working in the bakery, deli, meat, seafood, grocery, front-end, and/or produce departments, who did not receive overtime premium pay for all hours worked over 40

in a workweek, and who elect to join this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective") .

35.     Price Chopper is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the members of the FLSA Collective.  Upon information and belief, the FLSA Collective consists of many similarly situated individuals who have been underpaid by Defendants in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.  Those similarly situated collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records.  Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

36.     Plaintiff brings the second, third, and fourth counts, Massachusetts Wage Act and common law claims, on behalf of herself and a class of persons who work or have worked for Price Chopper in Massachusetts between July 30, 2011 and the date of final judgment as Department Team Leaders and/or Department Managers, including, but not limited to, those working in the bakery, deli, meat, seafood, grocery, front-end, and/or produce departments, and who did not receive overtime and statutorily-required wages for all hours worked over 40 in a workweek ("Rule 23 Class").

37.     The persons in the Rule 23 Class are so numerous that joinder of all members is impracticable.

38.     Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Price Chopper.

39.     Upon information and belief, the Rule 23 Class consists of more than 150 members.

40.     Plaintiff will fairly and adequately protect the interests of the Rule 23 Class.

41.     Price Chopper has acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

42.     Common questions of law and fact exist as to the Rule 23 Class and predominate over any questions affecting only individual members, and include, but are not limited to, the following:

  a.     Whether Price Chopper misclassified Plaintiff and the Rule 23 Class as exempt from the requirements of the MWA;

  b.     Whether Price Chopper failed to pay Plaintiff and the Rule 23 Class overtime for all hours worked over forty in a workweek;

  c.     Whether Price Chopper failed to keep true and accurate time records for all hours worked by Plaintiff and the Rule 23 Class;

  d.     What proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

  e.     Whether Price Chopper failed to compensate Plaintiff and the Rule 23 Class for all of the hours they worked; and

  f.     The nature and extent of Class-wide injury and the appropriate measure of damages for the class.

43.     Plaintiff's claims are typical of the claims of the Rule 23 Class she seeks to represent.  Plaintiff and the Rule 23 Class work or have worked for Price Chopper as Department

Team Leaders or Department Managers in its retail grocery stores and have not been compensated for all of the hours they worked, including for hours worked over forty in a workweek. Plaintiff and the Rule 23 Class have all sustained similar types of damages as a result of Defendants' failure to comply with the MWA.

44.     Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class. Plaintiff has retained counsel competent and experienced in complex class actions and wage and hour litigation.

45.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage-and-hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Price Chopper's common and uniform policies, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small as compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments against Price Chopper's practices.

## CLASS-WIDE FACTUAL ALLEGATIONS

46.     Plaintiff and the members of the Rule 23 Class and FLSA Collective defined above (collectively, "Class Members") have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the FLSA and the MWA by denying them overtime.

47.     Price Chopper has classified Department Team Leaders and Department Managers, including Plaintiff and Class Members, as exempt from the FLSA's and MWA's overtime protections.

48.     During all relevant times, Price Chopper's compensation policies with respect to these Department Team Leaders and Department Managers, including Plaintiff and Class Members, have been uniform from store to store.

49.     For example, Plaintiff worked as a Team Leader at three different stores and was subject to the same classification policy and overtime policy at each one.

50.     Despite its classification of Plaintiff and the Class Members as exempt, Defendants paid them based upon an hourly wage rate as reflected on their paystubs.

51.     All Department Team Leaders and Department Managers who were classified as exempt, including Plaintiff and the Class Members, have the same primary duties.

52.     Their primary duties do not include hiring and firing Price Chopper employees.

53.     Their primary duties include: filling customer orders, processing customer payments, stocking products, cleaning, and preparing food.

54.     As part of their regular pattern or practice, Defendants failed to record all of the hours that Plaintiff and the Class Members worked, including hours that they worked before and after their regularly scheduled shifts.

55.     Plaintiff and the Class Members regularly worked at least 45 hours a week and often at least 50 hours a week.

56.      All of the work that Plaintiffs and the Class Members performed has been assigned by Price Chopper and/or Price Chopper has been aware of all of the work that Plaintiff and the Class Members performed.

57.     As part of its regular business practice, Price Chopper has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the MWA. This pattern or practice includes, but is not limited to:

      a.     willfully misclassifying Plaintiff and the Class Members as exempt from overtime requirements;

      b.     willfully failing to record all of the time that Plaintiffs and the Class Members worked for the benefit of Price Chopper;

      c.     willfully failing to compensate and/or credit Plaintiff and the Class Members for all the hours that they worked for the benefit of Price Chopper;

      d.     willfully failing to pay Plaintiff and the Class Members a premium for hours that they worked in excess of 40 hours per week.

58.     Upon information and belief, Price Chopper's unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of attempting to minimize labor costs by violating the FLSA and the MWA.

59.     Price Chopper's unlawful conduct has been widespread, repeated, and consistent.

**COUNT I**
**(Fair Labor Standards Act: Overtime)**
**(Brought on Behalf of Plaintiff and the FLSA Collective)**

60.     Plaintiff realleges and incorporates by reference all allegations in preceding paragraphs.

61.     Price Chopper has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

62.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

63.    At all times relevant, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §207(a).

64.    The overtime wage provisions of the FLSA apply to Price Chopper as an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

65.    Price Chopper's violations of the FLSA, as described in this Complaint have been willful.  Price Chopper has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the FLSA Collective.

66.    Because of Price Chopper's willful violations of the FLSA, a three-year statute of limitation applies, pursuant to 29 U.S.C. § 255.

67.    As a result of these violations, Plaintiff and the members of the FLSA Collective have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (Massachusetts Wage Act:  Overtime)
### (Brought on Behalf of Plaintiff and Rule 23 Class)

68.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69.    At all times relevant to this Complaint, Price Chopper was an "employer" of Plaintiff and the Rule 23 Class Members within the meaning of the MWA.

70.    At all times relevant to this Complaint, Plaintiff and the Rule 23 Class Members were "employees" of Price Chopper within the meaning of MWA.

71.     At all times relevant to this Complaint, Price Chopper employed Plaintiff and the Rule 23 Class Members, suffering or permitting them to work within the meaning of Massachusetts Wage Act.

72.     Price Chopper failed to pay overtime for all hours worked over forty to Plaintiff and the Rule 23 Class Members, in violation of the MWA.

73.     By Price Chopper's failure to pay Plaintiff and the Class Members overtime for hours worked in excess of 40 hours per week, it has knowingly and willfully violated the MWA c. 151 § 1A et seq.

74.     The MWA, M.G.L. ch. 151 § 15, requires employers to keep records of each employee's hours worked and wages earned, at the place of employment, for at least two years.

75.     Because Price chopper willfully and unlawfully misclassified Plaintiff and the Class Members as exempt from overtime pay requirements, it failed and continues to fail to keep and furnish records of those employees' hours, as required under Massachusetts wage and hour law.

76.     By failing to record and maintain these wage and hour records, Price Chopper has failed to make, furnish, and keep such records in violation of Massachusetts wage and hour law.

77.     Price Chopper's failure to keep and furnish the required records of hours worked for Plaintiff and the Class Members was done with reckless indifference to the rights of others and is willful, knowing, and intentional.

78.     Plaintiff has fulfilled reporting requirement set forth in M.G.L. c. 149 § 150, by timely reporting the MWA claim to the Massachusetts Attorney General's office before filing this action.

79.     Due to Price Chopper's violations of the MWA, Plaintiff and the Rule 23 Class Members have incurred harm and loss and are entitled to recover from Price Chopper their unpaid overtime mandatorily trebled, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

### COUNT III
**(Breach of Contract)**
**(Brought on Behalf of Plaintiff and All Class Members)**

80.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

81.     Price Chopper entered into an unambiguous and enforceable contract, whether express or implied, that required Price Chopper to pay Plaintiff and the Class Members wages for all hours worked in accordance with the law.

82.     Price Chopper knowingly received the work of Plaintiff and the Class Members.

83.     Plaintiff and the Class Members performed their obligations to work for Price Chopper and such performance was not gratuitous.

84.     In breach of this contract with Plaintiff and the Class Members, Price Chopper has failed to pay all wages and benefits promised.

85.     As a result of Price Chopper's breach of contract, Plaintiff and the Class Members have incurred damages in an amount to be determined at trial.

### COUNT IV
**(Quantum Meruit/Unjust Enrichment)**
**(Brought on Behalf of Plaintiff and All Class Members)**

86.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87.     Plaintiff and the Class Members conferred a measurable benefit upon Price Chopper through their work.

88.     Price Chopper accepted services from Plaintiff and the Class Members for which a reasonable person would have expected to pay, and they provided their services with the reasonable expectation of receiving compensation from Price Chopper.

89.     It would be unjust for Price Chopper to retain the benefit of Plaintiff and the Class Members' efforts without compensation therefore.

90.     As the result of Price Chopper's violations of Massachusetts law set forth above, Plaintiff and the Class Members incurred damages in an amount to be determined at trial.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA Collective (as defined above).  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied overtime for all hours worked over forty in a workweek;

B.     Unpaid overtime and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 <u>et</u> <u>seq</u>. and the supporting United States Department of Labor regulations;

C.     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.     Designation of Plaintiff as a Class Representative and counsel of record as Class Counsel;

E.     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the Massachusetts Wage Act M.G.L. c. 149 § 148 et seq. and M.G.L. c. 151 § 1A et seq. and;

F.     Unpaid overtime pursuant to M.G.L. c. 151 § 1A et seq.;

G.     Pre- and post-judgment interest;

H.     Treble damages under the MWA;

I.     An injunction requiring Price Chopper to pay all statutorily-required wages pursuant to the MWA;

J.     Attorneys' fees and costs of this action; and

K.     Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by the complaint.

Dated: July 30, 2014
       Pittsfield, Massachusetts

                  Respectfully submitted,

                  **COHEN KINNE VALICENTI & COOK LLP**

By: _____
Kevin M. Kinne (BBO# 559004)
Benjamin K. Steffans (BBO# 568535)
28 North Street, 3rd Floor
Pittsfield, Massachusetts 01201
Telephone: 413-4439399
kkinne@cohenkinne.com
bsteffans@cohenkinne.com


**OUTTEN & GOLDEN LLP**
Rachel Bien (*pro hac* vice motion forthcoming)
Katrina Eiland (*pro hac* vice motion forthcoming)
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: 212-245-1000
rmb@outtengolden.com
keiland@outtengolden.com

*Attorneys for Plaintiff, the Rule 23 Class, and the FLSA Collective*

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SHELLY J. DAVINE, on behalf of herself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>   v.<br><br>**THE GOLUB CORPORATION, THE PRICE CHOPPER, INC., PRICE CHOPPER OPERATING CO. OF MASSACHUSETTS, INC., NEIL M. GOLUB, JEREL GOLUB, JOHN J. ENDERS, JR., CHRISTINE C. DANIELS, AND JEREL T. GOLUB,**<br><br>**Defendants.** | **CONSENT TO JOIN** |

1.  I consent to be a party plaintiff in a lawsuit against The Golub Corporation, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.  By signing and returning this consent form, I designate Cohen Kinne Valicenti & Cook LLP and Outten & Golden LLP ("the Firms") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firms will petition the Court for attorneys' fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3.  I also consent to join any separate or subsequent action to assert my claim against The Golub Corporation and/or related entities and individuals potentially liable.

_Shelly J Davine_
Signature

_SHELLY J. DAVINE_
Full Legal Name (print)

████████████████
Street Address

████████████████
Phone Number

_North Adams, Mass_
City, State and Zip Code

████████████████
Email Address