## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SHELLY J. DAVINE, JAMES E. WILLIAMS JACOB E. OGDEN, BETH A. FARRAR, and PHILIP CARDINALE on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE GOLUB CORPORATION, THE PRICE CHOPPER, INC., PRICE CHOPPER OPERATING CO. OF MASSACHUSETTS, INC., NEIL M. GOLUB, JEREL GOLUB, JOHN J. ENDERS, JR., CHRISTINE C. DANIELS, AND JEREL T. GOLUB,**<br><br>**Defendants.** | **Civil Action No.: 3:14-cv-30136-MGM**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Shelly J. Davine, James E. Williams, Jacob E. Ogden, Beth A. Farrar, and Philip Cardinale ("Plaintiffs"), individually and as class representatives on behalf of all others similarly situated, by their attorneys Cohen Kinne Valicenti & Cook LLP and Outten & Golden LLP, allege:

### INTRODUCTION

1.      The Golub Corporation, The Price Chopper Inc., Price Chopper Operating Co. of Massachusetts, Inc., Neil M. Golub, Jerel Golub, John J. Endres, Jr., Christine Daniels, and Jerel T. Golub, (collectively "Price Chopper" or "Defendants") own and/or operate 135 supermarkets in the Northeast United States. Upon information and belief, Defendants employ thousands of workers in these stores.

2.      This case alleges that it is Price Chopper's policy or practice to reduce its labor costs by unlawfully classifying its Department "Team Leaders" – also known as Department

"Managers" – as exempt from overtime protections under the Fair Labor Standards Act ("FLSA"), Massachusetts Wage Act ("MWA"), New York Labor Law ("NYLL"), Connecticut Minimum Wage Act ("CMWA"), and Pennsylvania Minimum Wage Act ("PMWA").

3.     Plaintiffs, and the class and collective they seek to represent, worked alongside overtime-eligible employees, doing the same work as these employees but without the overtime premium pay to which they are entitled under the law for the many hours they worked over forty in a workweek.

4.     Plaintiffs bring this action on behalf of themselves and a collective of similarly situated current and former Department Team Leaders and/or Department Managers at Price Chopper who elect to opt into this action pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., and specifically the FLSA's collective action provision, 29 U.S.C. § 216(b), to remedy Price Chopper's violations of the overtime provisions of the FLSA that have deprived Plaintiffs and similarly situated employees of their lawfully earned wages.

5.     Plaintiff Davine brings this action on behalf of herself and a class of similarly situated current and former Department Team Leaders and/or Department Managers who worked at Price Chopper stores in Massachusetts pursuant to Fed. R. Civ. P. 23, for violations of the MWA's overtime provision, M.G.L. c. 151 § 1A et seq. and payment-of-wages provision, M.G.L. c. 149 § 148 et seq.

6.     Plaintiffs Williams and Ogden also bring this action on behalf of themselves and a class of similarly situated current and former Department Team Leaders and/or Department Managers who worked at Price Chopper stores in New York pursuant to Fed. R. Civ. P. 23, for violations of the NYLL, Article 6, §§ 190 et seq., Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142 et seq.

2

7.     Plaintiff Farrar also brings this action on behalf of herself and a class of similarly situated current and former Department Team Leaders and/or Department Managers who worked at Price Chopper stores in Connecticut pursuant to Fed. R. Civ. P. 23, for violations of the CMWA, Conn. Gen. Stat. §§ 31-58 et seq.

8.     Plaintiff Cardinale also brings this action on behalf of himself and a class of similarly situated current and former Department Team Leaders and/or Department Managers who worked at Price Chopper stores in Pennsylvania pursuant to Fed. R. of Civ. P. 23, for violations of the PMWA, 43 Pa. Cons. Stat. §§ 333.101, et seq.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10.     Plaintiffs' state law claims are so closely related to their claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

11.     This Court also has jurisdiction over the claims under the FLSA pursuant to 29 U.S.C. § 216(b).

12.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

13.     Venue is proper in the District of Massachusetts pursuant to 29 U.S.C. § 1391(b) and (c) because Price Chopper and the Individual Defendants, defined below, are subject to personal jurisdiction in the Commonwealth of Massachusetts and events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

**Plaintiffs**

**Shelly J. Davine**

14.     Plaintiff Davine is an adult individual who is a resident of North Adams, Berkshire County, Commonwealth of Massachusetts.

15.     Plaintiff Davine was employed as a Department Team Leader and/or Department Manager in three Price Chopper stores in North Adams, Lenox and Lee, Massachusetts from approximately 1983 through approximately June 2014.

16.     Plaintiff Davine regularly worked more than 45 hours a week, and often at least 50 hours a week, without being paid overtime for all of the hours she worked over 40.

17.     Plaintiff Davine's written consent to join form was filed with the Court.

**James E. Williams**

18.     Plaintiff Williams is an adult individual who is a resident of Schenectady, New York.

19.     Plaintiff Williams was employed in multiple Price Chopper stores, including stores in Albany and Cohoes, New York, and worked as a Department Team Leader and/or Department Manager from approximately 2012 to 2014.

20.     Plaintiff Williams regularly worked more than 45 hours a week, and often at least 50 hours a week, without being paid overtime for all of the hours he worked over 40.

21.     Plaintiff Williams's written consent to join form was filed with the Court.

**Jacob E. Ogden**

22.     Plaintiff Ogden is an adult individual who is a resident of Waterford, New York.

23.     Plaintiff Ogden was employed in Price Chopper stores, including stores in Albany and Colonie, New York.  He was employed as a Department Team Leader and/or Department Manager from approximately July 2012 to February 2014.

24.     Plaintiff Ogden regularly worked more than 45 hours a week, and often at least 50 hours a week, without being paid overtime for all of the hours he worked over 40.

25.     Plaintiff Ogden's written consent to join form was filed with the Court.

**Beth A.  Farrar**

26.     Plaintiff Farrar is an adult individual who is a resident of Torrington, Connecticut.

27.     Plaintiff Farrar was employed as a Department Team Leader and/or Department Manager in a Price Chopper store located in Bristol, Connecticut, from approximately May 2005 to approximately May 2014.

28.     Plaintiff Farrar regularly worked more than 45 hours a week, and often at least 50 hours a week, without being paid overtime for all of the hours she worked over 40.

29.     Plaintiff Farrar's written consent to join form was filed with the Court.

**Philip Cardinale**

30.     Plaintiff Cardinale is an adult individual who is a resident of Nanticoke, Pennsylvania.

31.     Plaintiff Cardinale has been employed by Price Chopper in Pennsylvania.  He has worked as a Department Team Leader and/or Department Manager from approximately May 2010 to the present.  He currently holds that position in a Price Chopper store located in Wyoming, Pennsylvania.

32.     Plaintiff Cardinale regularly has worked more than 45 hours a week, and often at least 50 hours a week, without being paid overtime for all of the hours he has worked over 40.

33.     Plaintiff Cardinale's written consent to join form was filed with the Court.

**Defendants**

34.     The Golub Corporation is a Delaware Corporation that, upon information and belief, owns and/or operates numerous "Price Chopper" supermarkets in Massachusetts, New York, Connecticut, Vermont, New Hampshire, and Pennsylvania.

35.     Its Registered Agent in Massachusetts is CT Corporation, located at 155 Federal Street, Suite 700, Boston, Massachusetts.

36.     Upon information and belief, The Price Chopper, Inc. and Price Chopper Operating Co. of Massachusetts, Inc., are registered to do business in Massachusetts.

37.     Their principal place of business is located at 461 Nott Street, Schenectady, New York 12308.

38.     The name and address of the Massachusetts Registered Agent for The Price Chopper, Inc. and Price Chopper Operating Co. of Massachusetts is CT Corporation, located at 155 Federal Street, Suite 700, Boston, Massachusetts.

39.     Neil M. Golub, Jerel T. Golub, John J. Endres, Jr., Christine C. Daniels, and Jerel Golub (the "Individual Defendants") are (or were during times relevant to this Complaint) corporate officers/directors of The Golub Corporation, The Price Chopper, Inc., and Price Chopper Operating Co. of Massachusetts, Inc. ("the Corporate Defendants").

40.     The Corporate Defendants act as a single integrated enterprise that employed and/or jointly employed Plaintiffs and those similarly situated during all relevant times.

41.     Upon information and belief, Neil M. Golub was the Chief Executive Officer of the Corporate Defendants until approximately January 1, 2012.

42.     Upon information and belief, after January 1, 2012, Neil M. Golub continued to serve as the Executive Chairman of the Board of The Golub Corporation.

43.     Upon information and belief, Jerel T. Golub became the President and Chief Executive Officer of the Corporate Defendants after Neil M. Golub stepped down.

44.     Upon information and belief, prior to becoming the Chief Executive Office, Jerel T. Golub was the President and Chief Operating Officer of the Corporate Defendants.

45.     Upon information and belief, Jon J. Endres, Jr. is the Treasurer of the Corporate Defendants.

46.     Upon information and belief, Christine Daniels is the Vice President of Legal Services for the Corporate Defendants.

47.     Upon information and belief, Jerel Golub is the Chief Operating Officer of the Corporate Defendants.

48.     Upon information and belief, Neil M. Golub has signed the paychecks of Price Chopper employees, including Plaintiffs.

49.     Upon information and belief, during relevant times, Neil M. Golub and Jerel T. Golub have had the power to hire and fire employees of Price Chopper.

50.     Upon information and belief, during all relevant times, each Individual Defendant has the power to make compensation decisions that affect the pay of Price Chopper employees, including Plaintiffs.

51.     Upon information and belief, during all relevant times, each Individual Defendant has had the power to decide whether to classify Price Chopper employees, including Plaintiffs, as exempt or non-exempt from overtime protections.

52.     Upon information and belief, the Individual Defendants and Price Chopper maintain control, oversight, and direction over the operation of the supermarkets, including their employment practices.

### COLLECTIVE ACTION ALLEGATIONS

53.     Plaintiffs bring the first count, FLSA claim, on behalf of themselves and all similarly situated persons who work or have worked for Price Chopper between July 30, 2011 and the date of final judgment as Department Team Leaders and/or Department Managers, including, but not limited to, those working in the bakery, deli, meat, seafood, grocery, front-end, and/or produce departments, who did not receive overtime premium pay for all hours worked over 40 in a workweek, and who elect to join this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective") .

54.     Price Chopper is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the members of the FLSA Collective.  Upon information and belief, the FLSA Collective consists of many similarly situated individuals who have been underpaid by Defendants in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.  Those similarly situated collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records.  Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

### MASSACHUSETTS CLASS ACTION ALLEGATIONS

55.     Plaintiff Davine brings the second, third, and fourth counts, MWA and common law claims, on behalf of herself and a class of persons who work or have worked for Price Chopper in Massachusetts between July 30, 2011 and the date of final judgment as Department

Team Leaders and/or Department Managers, including, but not limited to, those working in the bakery, deli, meat, seafood, grocery, front-end, and/or produce departments, and who did not receive overtime and statutorily-required wages for all hours worked over 40 in a workweek ("Massachusetts Class").

56.     The persons in the Massachusetts Class are so numerous that joinder of all members is impracticable.

57.     Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Price Chopper.

58.     Upon information and belief, the Massachusetts Class consists of more than 150 members.

59.     Plaintiff Davine will fairly and adequately protect the interests of the Massachusetts Class.

60.     Price Chopper has acted or refused to act on grounds generally applicable to the Massachusetts Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

61.     Common questions of law and fact exist as to the Massachusetts Class and predominate over any questions affecting only individual members, and include, but are not limited to, the following:

a.     Whether Price Chopper misclassified Plaintiff Davine and the Massachusetts Class as exempt from the requirements of the MWA;

b.     Whether Price Chopper failed to pay Plaintiff Davine and the Massachusetts Class overtime for all hours worked over forty in a workweek;

c.       Whether Price Chopper failed to keep true and accurate time records for all hours worked by Plaintiff Davine and the Massachusetts Class;

d.       What proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

e.       Whether Price Chopper failed to compensate Plaintiff Davine and the Massachusetts Class for all of the hours they worked; and

f.       The nature and extent of Class-wide injury and the appropriate measure of damages for the class.

62.       Plaintiff Davine's claims are typical of the claims of the Massachusetts Class she seeks to represent.  Plaintiff Davine and the Massachusetts Class work or have worked for Price Chopper as Department Team Leaders and/or Department Managers in its retail grocery stores and have not been compensated for all of the hours they worked, including for hours worked over forty in a workweek.  Plaintiff Davine and the Massachusetts Class have all sustained similar types of damages as a result of Defendants' failure to comply with the MWA.

63.       Plaintiff Davine has retained counsel competent and experienced in complex class actions and wage and hour litigation.

64.       A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage-and-hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Massachusetts Class have been damaged and are entitled to recovery as a result of Price Chopper's common and uniform policies, and procedures.  Although the relative damages suffered by individual Massachusetts Class Members are not *de minimis*, such damages are small

as compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments against Price Chopper's practices.

## NEW YORK CLASS ACTION ALLEGATIONS

65.     Plaintiffs Williams and Ogden bring the fifth, sixth, and seventh counts, NYLL claims, on behalf of themselves and a class of persons who work or have worked for Price Chopper in the State of New York between July 30, 2008 and the date of final judgment as Department Team Leaders and/or Department Managers, including, but not limited to, those working in the bakery, deli, meat, seafood, grocery, front-end, and/or produce departments, and who did not receive overtime for all hours worked over 40 in a workweek and/or other statutorily-required wages ("New York Class").

66.     The persons in the New York Class are so numerous that joinder of all members is impracticable.

67.     Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Price Chopper.

68.     Upon information and belief, the New York Class consists of more than 100 members.

69.     Plaintiffs Williams and Ogden will fairly and adequately protect the interests of the New York Class.

70.     Price Chopper has acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

71.     Common questions of law and fact exist as to the New York Class and predominate over any questions affecting only individual members, and include, but are not limited to, the following:

a.      Whether Price Chopper misclassified Plaintiffs Williams and Ogden and the New York Class as exempt from the requirements of the NYLL;

b.      Whether Price Chopper failed to pay Plaintiffs Williams and Ogden and the New York Class overtime for all hours worked over forty in a workweek;

c.      Whether Price Chopper failed to keep true and accurate time records for all hours worked by Plaintiffs Williams and Ogden and the New York Class;

d.      Whether Price Chopper failed to provide proper notice and wage statements to Plaintiffs Williams and Ogden and the New York  Class under the Wage Theft Protection Act;

e.      What proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

f.      Whether Price Chopper failed to compensate Plaintiffs Williams and Ogden and the New York Class for all of the hours they worked; and

g.      The nature and extent of Class-wide injury and the appropriate measure of damages for the class.

72.     Plaintiff Williams and Ogden's claims are typical of the claims of the New York Class they seek to represent.  Plaintiffs Williams and Ogden and the New York Class work or have worked for Price Chopper as Department Team Leaders and/or Department Managers in its retail grocery stores and have not been compensated for all of the hours they worked, including for hours worked over forty in a workweek.  Plaintiffs Williams and Ogden and the New York

Class have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

73.    Plaintiffs Williams and Ogden have retained counsel competent and experienced in complex class actions and wage and hour litigation.

74.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage-and-hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the New York Class have been damaged and are entitled to recovery as a result of Price Chopper's common and uniform policies, and procedures.  Although the relative damages suffered by individual New York Class Members are not *de minimis*, such damages are small as compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments against Price Chopper's practices.

## CONNECTICUT CLASS ACTION ALLEGATIONS

75.    Plaintiff Farrar brings the eighth and ninth counts, CMWA claims, on behalf of herself and a class of persons who work or have worked for Price Chopper in the State of Connecticut between July 30, 2012 and the date of final judgment as Department Team Leaders and/or Department Managers, including, but not limited to, those working in the bakery, deli, meat, seafood, grocery, front-end, and/or produce departments, and who did not receive overtime for all hours worked over 40 in a workweek ("Connecticut Class").

76.    The persons in the Connecticut Class are so numerous that joinder of all members is impracticable.

77.     Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Price Chopper.

78.     Upon information and belief, the Connecticut Class consists of more than 50 members.

79.     Plaintiff Farrar will fairly and adequately protect the interests of the Connecticut Class.

80.     Price Chopper has acted or refused to act on grounds generally applicable to the Connecticut Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

81.     Common questions of law and fact exist as to the Connecticut Class and predominate over any questions affecting only individual members, and include, but are not limited to, the following:

   a.      Whether Price Chopper misclassified Plaintiff Farrar and the Connecticut Class as exempt from the requirements of the CMWA;

   b.      Whether Price Chopper failed to pay Plaintiff Farrar and the Connecticut Class overtime for all hours worked over forty in a workweek;

   c.      Whether Price Chopper failed to keep true and accurate time records for all hours worked by Plaintiff Farrar and the Connecticut Class;

   d.      What proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

   e.      Whether Price Chopper unlawfully failed to pay the Plaintiff Farrar and the Connecticut Class all wages due each week and at the time of discharge or voluntary termination by the next business day in violation of the CMWA;

f.      Whether Price Chopper failed to compensate Plaintiff Farrar and the Connecticut Class for all of the hours they worked; and

g.      The nature and extent of Class-wide injury and the appropriate measure of damages for the class.

82.      Plaintiff Farrar's claims are typical of the claims of the Connecticut Class she seeks to represent.  Plaintiff Farrar and the Connecticut Class work or have worked for Price Chopper as Department Team Leaders and/or Department Managers in its retail grocery stores and have not been compensated for all of the hours they worked, including for hours worked over forty in a workweek.  Plaintiff Farrar and the Connecticut Class have all sustained similar types of damages as a result of Price Chopper's failure to comply with the CMWA.

83.      Plaintiff Farrar has retained counsel competent and experienced in complex class actions and wage and hour litigation.

84.      A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage-and-hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Connecticut Class have been damaged and are entitled to recovery as a result of Price Chopper's common and uniform policies, and procedures.  Although the relative damages suffered by individual Connecticut Class Members are not *de minimis*, such damages are small as compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments against Price Chopper's practices.

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

85.     Plaintiff Cardinale brings the tenth count, PMWA claim, on behalf of himself and a class of persons who work or have worked for Price Chopper in the State of Pennsylvania between July 30, 2011 and the date of final judgment as Department Team Leaders and/or Department Managers, including, but not limited to, those working in the bakery, deli, meat, seafood, grocery, front-end, and/or produce departments, and who did not receive overtime for all hours worked over 40 in a workweek ("Pennsylvania Class").

86.     The persons in the Pennsylvania Class are so numerous that joinder of all members is impracticable.

87.     Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Price Chopper.

88.     Upon information and belief, the Pennsylvania Class consists of more than 50 members.

89.     Plaintiff Cardinale will fairly and adequately protect the interests of the Pennsylvania Class.

90.     Price Chopper has acted or refused to act on grounds generally applicable to the Pennsylvania Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

91.     Common questions of law and fact exist as to the Pennsylvania Class and predominate over any questions affecting only individual members, and include, but are not limited to, the following:

        a.      Whether Price Chopper misclassified Plaintiff Cardinale and the Pennsylvania Class as exempt from the requirements of the PMWA;

b.      Whether Price Chopper failed to pay Plaintiff Cardinale and the Pennsylvania Class overtime for all hours worked over forty in a workweek within the meaning of the PMWA, 43 Pa. Cons. Stat. §§ 333.101 et seq.;

c.      Whether Price Chopper failed to keep true and accurate time records for all hours worked by Plaintiff Cardinale and the Pennsylvania Class;

d.      What proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

e.      Whether Price Chopper failed to compensate Plaintiff Cardinale and the Pennsylvania Class for all of the hours they worked;

f.       Whether Price Chopper's policy of misclassifying Plaintiff Cardinale and the Pennsylvania Class was done willfully or with reckless disregard of the statute; and

g.      The nature and extent of Class-wide injury and the appropriate measure of damages for the class.

92.     Plaintiff Cardinale's claims are typical of the claims of the Pennsylvania Class he seeks to represent.  Plaintiff Cardinale and the Pennsylvania Class work or have worked for Price Chopper as Department Team Leaders and/or Department Managers in its retail grocery stores and have not been compensated for all of the hours they worked, including for hours worked over forty in a workweek.  Plaintiff Cardinale and the Pennsylvania Class have all sustained similar types of damages as a result of Price Chopper's failure to comply with the PMWA.

93.     Plaintiff Cardinale has retained counsel competent and experienced in complex class actions and wage and hour litigation.

94.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage-and-hour litigation like the

present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Pennsylvania Class have been damaged and are entitled to recovery as a result of Price Chopper's common and uniform policies, and procedures. Although the relative damages suffered by individual Pennsylvania Class Members are not *de minimis*, such damages are small as compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments against Price Chopper's practices.

### CLASS-WIDE FACTUAL ALLEGATIONS

95.     Plaintiffs and the members of the Massachusetts Class, New York Class, Connecticut Class, Pennsylvania Class, and FLSA Collective defined above (collectively, "Class Members") have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the FLSA, the MWA, the NYLL, the CMWA, and the PMWA by denying them overtime.

96.     Price Chopper has classified Department Team Leaders and Department Managers, including Plaintiffs and Class Members, as exempt from the FLSA's, MWA's, NYLL's, CMWA's, and PMWA's overtime protections.

97.     During all relevant times, Price Chopper's compensation policies with respect to these Department Team Leaders and Department Managers, including Plaintiffs and Class Members, have been uniform from store to store.

98.     For example, Plaintiff Davine worked as a Team Leader/Department Manager at three stores in Massachusetts, Plaintiffs Williams and Ogden worked at two different stores in New York, Plaintiff Farrar worked at a store in Connecticut, and Plaintiff Cardinale worked at a

store in Pennsylvania.  Regardless of where they worked, Plaintiffs were subject to the same classification policy and overtime policy at each store.

99.     Despite their classification of Plaintiffs and the Class Members as exempt, Defendants paid them based upon an hourly wage rate as reflected on their paystubs.

100.    All Department Team Leaders and Department Managers who were classified as exempt, including Plaintiffs and the Class Members, have the same primary duties.

101.    Their primary duties do not include hiring and firing Price Chopper employees.

102.    Their primary duties include: filling customer orders, processing customer payments, stocking products, cleaning, and preparing food.

103.    As part of their regular pattern or practice, Defendants failed to record all of the hours that Plaintiffs and the Class Members worked, including hours that they worked before and after their regularly scheduled shifts.

104.    Plaintiffs and the Class Members regularly worked at least 45 hours a week and often at least 50 hours a week.

105.     All of the work that Plaintiffs and the Class Members performed has been assigned by Price Chopper and/or Price Chopper has been aware of all of the work that Plaintiffs and the Class Members performed.

106.    As part of its regular business practice, Price Chopper has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA, the MWA, the NYLL, the CMWA, and the PMWA.  This pattern or practice includes, but is not limited to:

        a.     Willfully misclassifying Plaintiffs and the Class Members as exempt from overtime requirements;

b.      Willfully failing to record all of the time that Plaintiffs and the Class Members worked for the benefit of Price Chopper;

c.      Willfully failing to compensate and/or credit Plaintiffs and the Class Members for all the hours that they worked for the benefit of Price Chopper;

d.      Willfully failing to pay Plaintiffs and the Class Members a premium for hours that they worked in excess of 40 hours per week.

107.    Upon information and belief, Price Chopper's unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of attempting to minimize labor costs by violating the FLSA, the MWA, the NYLL, the CMWA, and the PMWA.

108.    Price Chopper's unlawful conduct has been widespread, repeated, and consistent.

## COUNT I
### (Fair Labor Standards Act: Overtime)
### (Brought on Behalf of Plaintiffs and the FLSA Collective)

109.    Plaintiffs reallege and incorporate by reference all allegations in preceding paragraphs.

110.    Price Chopper has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

111.    Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

112.    At all times relevant, Plaintiffs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §207(a).

113.    The overtime wage provisions of the FLSA apply to Price Chopper as an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

114.    Price Chopper's violations of the FLSA, as described in this Complaint have been willful.  Price Chopper has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and the FLSA Collective.

115.    Because of Price Chopper's willful violations of the FLSA, a three-year statute of limitation applies, pursuant to 29 U.S.C. § 255.

116.    As a result of these violations, Plaintiffs and the members of the FLSA Collective have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (Massachusetts Wage Act:  Overtime)
### (Brought on Behalf of Plaintiff Davine and Massachusetts Class)

117.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

118.    At all times relevant to this Complaint, Price Chopper was an "employer" of Plaintiff Davine and the Massachusetts Class Members within the meaning of the MWA.

119.    At all times relevant to this Complaint, Plaintiff Davine and the Massachusetts Class Members were "employees" of Price Chopper within the meaning of MWA.

120.    At all times relevant to this Complaint, Price Chopper employed Plaintiff Davine and the Massachusetts Class Members, suffering or permitting them to work within the meaning of the MWA.

121.    Price Chopper failed to pay overtime for all hours worked over forty to Plaintiff Davine and the Massachusetts Class Members, in violation of the MWA.

122.    By Price Chopper's failure to pay Plaintiff Davine and the Massachusetts Class Members overtime for hours worked in excess of 40 hours per week, it has knowingly and willfully violated the MWA c. 151 § 1A et seq.

123.    The MWA, M.G.L. c. 151 § 15, requires employers to keep records of each employee's hours worked and wages earned, at the place of employment, for at least two years.

124.    Because Price Chopper willfully and unlawfully misclassified Plaintiff Davine and the Class Members as exempt from overtime pay requirements, it failed and continues to fail to keep and furnish records of those employees' hours, as required under Massachusetts wage and hour law.

125.    By failing to record and maintain these wage and hour records, Price Chopper has failed to make, furnish, and keep such records in violation of Massachusetts wage and hour law.

126.    Price Chopper's failure to keep and furnish the required records of hours worked for Plaintiff Davine and the Massachusetts Class Members was done with reckless indifference to the rights of others and is willful, knowing, and intentional.

127.    Plaintiff Davine has fulfilled reporting requirement set forth in M.G.L. c. 149 § 150, by timely reporting the MWA claim to the Massachusetts Attorney General's office before filing this action.

128.    Due to Price Chopper's violations of the MWA, Plaintiff Davine and the Massachusetts Class Members have incurred harm and loss and are entitled to recover from Price Chopper their unpaid overtime mandatorily trebled, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

## COUNT III
### (Breach of Contract)
### (Brought on Behalf of Plaintiff Davine and Massachusetts Class)

129.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

130.    Price Chopper entered into an unambiguous and enforceable contract, whether express or implied, that required Price Chopper to pay Plaintiff Davine and the Massachusetts Class Members wages for all hours worked in accordance with the law.

131.    Price Chopper knowingly received the work of Plaintiff Davine and the Massachusetts Class Members.

132.    Plaintiff Davine and the Massachusetts Class Members performed their obligations to work for Price Chopper and such performance was not gratuitous.

133.    In breach of this contract with Plaintiff Davine and the Massachusetts Class Members, Price Chopper has failed to pay all wages and benefits promised.

134.    As a result of Price Chopper's breach of contract, Plaintiff Davine and the Massachusetts Class Members have incurred damages in an amount to be determined at trial.

## COUNT IV
### (Quantum Meruit/Unjust Enrichment)
### (Brought on Behalf of Plaintiff Davine and Massachusetts Class)

135.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

136.    Plaintiff Davine and the Massachusetts Class Members conferred a measurable benefit upon Price Chopper through their work.

137.    Price Chopper accepted services from Plaintiff Davine and the Massachusetts Class Members for which a reasonable person would have expected to pay, and they provided their services with the reasonable expectation of receiving compensation from Price Chopper.

138.    It would be unjust for Price Chopper to retain the benefit of Plaintiff Davine and the Massachusetts Class Members' efforts without compensation therefore.

139.    As the result of Price Chopper's violations of law set forth above, Plaintiff Davine and the Massachusetts Class Members incurred damages in an amount to be determined at trial.

**COUNT V**
**(New York Labor Law:  Unpaid Overtime)**
**(Brought on Behalf of Plaintiffs Williams and Ogden and New York Class)**

140.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

141.    Price Chopper has engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

142.    At all times relevant, Price Chopper was an "employer" of Plaintiffs Williams and Ogden and the New York Class Members within the meaning of the NYLL.

143.    At all times relevant, Plaintiffs Williams and Ogden and the New York Rule 23 were "employees" of Price Chopper within the meaning of NYLL.

144.    At all times relevant, Price Chopper employed Plaintiffs Williams and Ogden and the New York Class Members, suffering or permitting them to work.

145.    Price Chopper failed to pay overtime for all hours worked over forty to Plaintiffs Williams and Ogden and the New York Class Members, in violation of the NYLL.

146.    By Price Chopper's failure to pay Plaintiffs Williams and Ogden and the New York Class Members overtime for all hours worked in excess of 40 hours per week, it has

knowingly and willfully violated Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

147.    Price Chopper failed to keep, make, preserve, maintain, and furnish accurate records of hours worked by Plaintiffs Williams and Ogden and members of the New York Class.

148.    Price Chopper's violations of the NYLL, as described in this Complaint, have been willful and intentional.

149.    Due to Price Chopper's violations of the NYLL, Plaintiffs Williams and Ogden and the members of the New York Class have incurred harm and loss and are entitled to recover from Price Chopper their unpaid overtime, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## COUNT VI
### (New York Labor Law:  Notice)
### (Brought on Behalf of Plaintiffs Williams and Ogden and New York Class)

150.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

151.    Price Chopper has willfully failed to supply Plaintiffs Williams and Ogden and the New York Class with accurate wage notices, as required by NYLL, Article 6, § 195(1), containing Plaintiffs and the New York Class's regular rate or rates of pay and  the basis thereof and overtime rate or rates of pay.

152.    Price Chopper's unlawful conduct as described in this Complaint has been willful. Price Chopper was aware or should have been aware that the practices described in this Complaint were unlawful.

153.    Due to Price Chopper's willful violations of NYLL, Article 6, § 195(1), Plaintiffs Williams and Ogden and the New York Class are entitled to statutory penalties of fifty dollars

for each workweek that Defendants failed to provide them with wage notices, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

### COUNT VII
**(New York Labor Law:  Wage Statements)**
**(Brought on Behalf of Plaintiffs Williams and Ogden and New York Class)**

154.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

155.    Price Chopper has willfully failed to supply Plaintiffs and the New York Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the regular rate or rates of pay and the basis thereof, overtime rate or rates of pay, and the number of hours worked, including overtime hours.

156.    Price Chopper's unlawful conduct, as described in this Complaint, has been willful.  Price Chopper was aware or should have been aware that the practices described in this Complaint were unlawful.

157.    Due to Price Chopper's willful violations of NYLL, Article 6, § 195(3), Plaintiffs Williams and Ogden and the New York Class are entitled to statutory penalties of one hundred dollars for each workweek that Price Chopper failed to provide each of them with accurate wage statements, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

### COUNT VIII
**(Connecticut Minimum Wage Act: Overtime)**
**(Brought on Behalf of Plaintiff Farrar and Connecticut Class)**

158.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

159.    At all relevant times, Price Chopper has been, and continues to be, an "employer" within the meaning of the CMWA.

160.    At all relevant times, Price Chopper employed employees, including the Plaintiff Farrar and the Connecticut Class, within the meaning of the CMWA.

161.    Connecticut law requires an employer, such as Price Chopper, to pay overtime compensation to all non-exempt employees for all hours worked over forty per week.

162.    Plaintiff Farrar and the Connecticut Class are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

163.    Plaintiff Farrar and the Connecticut Class have worked in excess of forty hours in a workweek without being paid overtime for all hours worked.

164.    At all relevant times, Price Chopper knowingly and intentionally misclassified Plaintiff Farrar and the Connecticut Class as exempt from overtime pay entitlement and failed to pay them overtime for all hours worked over forty.

165.    As a direct and proximate result of Price Chopper's unlawful, unreasonable, and arbitrary conduct in bad faith, as set forth herein, Plaintiff Farrar and the Connecticut Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Price Chopper in an amount to be established at trial, and costs and attorneys' fees, pursuant to statute and other applicable law.

166.    Plaintiff Farrar, on behalf of herself and the Connecticut Class, seeks damages in the amount of twice the unpaid overtime earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, plus pre- and post-judgment interest at a rate of 10% per year, as provided by the CMWA, Conn. Gen. Stat. § 31-68 and Conn. Gen. Stat. § 37-3a, with costs and such reasonable attorney's fees.

**COUNT IX**
**(Connecticut Minimum Wage Act: Payment of All Wages Due)**
**(Brought on Behalf of Plaintiff Farrar and Connecticut Class)**

167.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

168.    Price Chopper knowingly and intentionally issued paychecks to Plaintiff Farrar and the Connecticut Class that did not include "all wages due" for each week worked, as required by the CMWA, Conn. Gen. Stat. § 31-71b, because Price Chopper misclassified Plaintiff Farrar and the Connecticut Class as exempt from overtime pay entitlement and failed to pay them overtime for all of their overtime hours worked.

169.    As a result, Price Chopper knowingly, unreasonably, arbitrarily, intentionally, and in bad faith failed to pay "all wages due" at the time of discharge or voluntary termination to Plaintiff Farrar and the Connecticut Class, in violation of the CMWA, Conn. Gen. Stat. § 31-71c.

170.    Plaintiff Farrar, on behalf of herself and the Connecticut Class, seeks damages in the amount of twice the unpaid overtime earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, plus pre- and post-judgment interest at a rate of 10% per year, as provided by the CMWA, Conn. Gen. Stat. § 31-72 and Conn. Gen. Stat. § 37-3a, with costs and such reasonable attorney's fees as may be allowed by the court.

**COUNT X**
**(Pennsylvania Minimum Wage Act: Unpaid Overtime Wages)**
**(Brought on behalf of Plaintiff Cardinale and Pennsylvania Class)**

171.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

172.     Price Chopper is an employer covered by the overtime pay mandates of the PMWA.

173.     Plaintiff Cardinale and the Pennsylvania Class are employees entitled to the PMWA's protections.

174.     The PMWA entitles employees to compensation for every hour worked in a workweek pursuant to 43 Pa. Cons. Stat. § 333.104(a).

175.     The PMWA entitles employees to overtime compensation of "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek pursuant to 43 Pa. Cons. Stat. § 333.104(c).

176.     Price Chopper violated the PMWA by failing to compensate Plaintiff Cardinale and the Pennsylvania Class for hours worked in excess of 40 during the workweek and, with respect to such hours, failing to compensate Plaintiff Cardinale and the Pennsylvania Class based upon the overtime premium pay rate of one and one-half times their regular hourly pay rate.

177.     In violating the PMWA, Price Chopper acted willfully and with reckless disregard of clearly applicable PMWA provisions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.     That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA Collective (as defined above).  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied overtime for all hours worked over forty in a workweek;

B.      Unpaid overtime and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 <u>et</u> <u>seq</u>. and the supporting United States Department of Labor regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiffs as a Class Representatives and counsel of record as Class Counsel;

E.      Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the MWA, NYLL, CMWA, and PMWA.

F.      An injunction requiring Price Chopper to pay all statutorily-required wages pursuant to the MWA, NYLL, CMWA, and PMWA;

G.      Unpaid overtime and liquidated damages under the MWA, NYLL, CMWA, and PMWA;

H.      All wages due pursuant to the CMWA;

I.      Statutory notice and wage statement payments pursuant to the NYLL;

J.      Appropriate statutory penalties;

K.      Pre- and post-judgment interest;

L.      Attorneys' fees and costs of this action; and

M.      Such other relief as this Court shall deem just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: August 6, 2014
Pittsfield, Massachusetts

                       Respectfully submitted,

                       **COHEN KINNE VALICENTI & COOK LLP**

BY: _____
Kevin M. Kinne (BBO# 559004)
Benjamin K. Steffans (BBO# 568535)
28 North Street, 3rd Floor
Pittsfield, Massachusetts 01201
Telephone:  413-4439399
kkinne@cohenkinne.com
bsteffans@cohenkinne.com


**OUTTEN & GOLDEN LLP**
Rachel Bien (*pro hac* vice motion forthcoming)
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: 212-245-1000
rmb@outtengolden.com

Katrina Eiland (*pro hac vice* motion forthcoming)
1 Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: 415-638-8800
keiland@outtengolden.com


*Attorneys for Plaintiffs and the Putative Classes and Collective*