UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELLY J. DAVINE, JAMES E. WILLIAMS, JACOB E. OGDEN, BETH A. FARRAR, and PHILIP CARDINALE, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE GOLUB CORPORATION, THE PRICE CHOPPER OPERATING CO. OF MASSACHUSETTS, INC., NEIL M. GOLUB, JEREL GOLUB, JOHN J. ENDRES, JR., CHRISTINE C. DANIELS, AND JEREL T. GOLUB, <br><br> Defendants. | Civil Action No. 14-30136-MGM |

MEMORANDUM AND ORDER REGARDING PLAINTIFFS'
MOTION FOR CONDITIONAL CERTIFICATION
(Dkt. No. 64)

March 25, 2015

MASTROIANNI, U.S.D.J.

Plaintiffs, Shelly J. Davine, James E. Williams, Jacob E. Ogden, Beth A. Farrar, and Philip Cardinale, are current or former employees of Price Chopper supermarkets in Connecticut, Massachusetts, New York, Pennsylvania, or Vermont. Each is or has been employed as a Team Leader at one or more Price Chopper supermarkets.[1] They have instituted this suit against Defendants: The Golub Corporation; The Price Chopper, Inc.; Price Chopper Operating Co. of Massachusetts, Inc.; Neil M. Golub; Jerel Golub; John J. Endres, Jr.; Christine C. Daniels; and Jerel

---

[1] Plaintiffs refer to the position as Team Leader; Defendants refer to the position as Department Manager. For reasons of consistency and brevity, the court uses the shorter term, Team Leader.

T. Golub (collectively "Price Chopper" or "Defendants"). Plaintiffs assert that Price Chopper improperly classified them, and other similarly situated Team Leaders, as workers exempt from overtime protections in violation of the Fair Labor Standards Act ("FLSA") and analogous state laws.

Before the court is Plaintiff's Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA. (Dkt. No. 64). In their motion, Plaintiffs ask the court to (1) conditionally certify this as a collective action, (2) approve Plaintiff's proposed notice and proposed reminder postcard, (3) require Defendants to produce computer-readable data files containing select contact information for individuals who may wish to opt-in to this collective action, and (4) authorize the proposed mailing and emailing of the proposed notice and proposed reminder postcard to individuals who may wish to opt-in to this collective action. Defendants opposed Plaintiffs' motion, arguing a failure to plead sufficient facts from which the court can conclude their proposed class is made up of individuals who are similarly situated relative to the application of the FLSA. Should the court certify a collective action, Defendants have also requested an additional opportunity to propose changes to the proposed notice before it is approved by the court. In their reply to Defendants' opposition, Plaintiffs' concede the class definition originally proposed is overly broad and they propose an amended class definition. The court now considers only whether to conditionally certify the class covered by the amended definition proposed by Plaintiffs in footnote 5 of their Reply Brief. (Dkt. No. 72, Pls.' Reply Memo. of Law in Support of Plaintiffs' Mot. for Conditional Certification and Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) at note 5).

Like "the majority of courts addressing this issue in the First Circuit," this court adopts the "two-tier approach" for "determining whether potential plaintiffs are similarly situated for certification" of an "opt-in" representative action pursuant to 29 U.S.C. § 216(b). Trezvant v.

Fidelity Employer Servs. Corp., 434 F.Supp. 2d 40, 43 (D. Mass. 2006) (citing cases within the First Circuit using the two-tier approach and stating that a majority of courts outside the First Circuit also adopt the two-tier approach). Pursuant to the two-tier approach, "the court makes an initial determination of whether the potential class should receive notice of the pending action and then later, after discovery is complete, the court makes a final 'similarly situated' determination." Id. at 42. The initial "similarly situated" finding is usually made at a preliminary stage, sometimes called the "notice stage" at which point the court decides whether the potential class should receive notice of the action and the opportunity to opt-in.

"At this initial 'notice stage,' the court usually relies 'only on the pleadings and any affidavits which have been submitted.'" Kane v. Gage Merchandising Servs., Inc., 138 F.Supp. 2d 212, 214 (D. Mass. 2001). "As a result of the minimal evidence available, this determination is made using a fairly lenient standard, which typically results in conditional certification of the representative class, without any need for the court to resolve contradictory evidence or make credibility determinations." Trezvant, 434 F.Supp. 2d at 43. Though lenient, "the standard is not 'invisible'." Burns v. City of Holyoke, 881 F.Supp. 2d 232, 234 (D. Mass. 2012). Plaintiff does have to "put forth some evidence that the legal claims and factual characteristics of the class . . . are similar." Trezvant, 434 F.Supp. 2d at 44.

Depending on the nature of the claims and the proposed class, this burden can require Plaintiff to demonstrate "'the putative class members were together the victims of a single decision, policy, or plan that violated the law.'" Trezvant, 434 F.Supp. 2d at 43 (quoting Thiessen v. Gen. Elec. Capital, 267 F.3d 1095, 1102 (10th Cir. 2001)). Where a proposed class encompasses employees who have different job titles or work in different departments, a plaintiff must provide information "concerning the respective duties or responsibilities of class members or whether they work under similar supervision or management." Burns, 881 F.Supp. 2d at 235. Additionally, in

3

cases where a putative class "extend[s] beyond the named plaintiffs' own work location, they must demonstrate that 'employees outside of the work location for which the employee has provided evidence' were similarly affected by the employer's policies." Travers v. JetBlue Airways Corp., No. 08-10730, 2010 WL 3835029, at *2 (D. Mass. Sept. 30, 2010) (quoting Horne v. United Servs. Auto Ass'n, 279 F.Supp. 2d 1231, 1235 (M.D. Ala. 2003). In some cases, the court may also require a plaintiff "to demonstrate [other] putative class members are interested in joining the suit . . . ." O'Donnell v. Robert Half Intern., Inc., 429 F.Supp. 2d 246, 250 (D. Mass. 2006).

Plaintiffs' proffer adequately meets their burden in this case. Each of the five named plaintiffs have provided a sworn declaration. In addition, two "opt-in" plaintiffs have also provided declarations. Together, these seven individuals have been employed in stores located in four of the five states where Defendants operate. These Team Leaders worked in a range of departments and at approximately ten percent of Defendants 135 stores. The declarations follow a standard format and use uniform language to describe conditions the declarants experienced as Team Leaders. These conditions included: working within identical hierarchical structures, minimal responsibility related to hiring/firing, limited autonomy with respect to staff scheduling, department workloads that could not be managed without Team Leaders working more than forty hours per week, individual workloads for Team Leaders made up almost entirely of tasks also performed by hourly workers, and an absence of training when moving from one store to another.

Defendants criticize these declarations for their uniformity, suggesting they are made up of mere conclusory statements. The court disagrees. Each declarant has sworn to the truth of specific factual allegations in his or her declaration; each declaration contains specific details that vary from declarant to declarant; and together the declarations suggest a uniformity to the working conditions of Team Leaders sufficient to meet the lenient standard applicable at this initial stage. Defendants

4

will be free to challenge the accuracy of the picture presented by Plaintiffs, but not until it is time for the court to consider the final certification of the class.

Having concluded conditional certification is appropriate, but only as to a class more limited than first proposed by Plaintiffs, the court defers decision on Plaintiffs' request for approval of the class notice, consent to join, and reminder postcard and an order requiring Defendants to assist in the dissemination of notices. Parties are to submit proposed versions of the class notice, consent to join, and reminder postcard within fourteen days of the date of this order

For these reasons, the court ALLOWS Plaintiffs' Motion for Conditional Class Certification (Dkt. No. 64), insofar as it requests conditional certification of the class, and defers ruling as to that portion of the motion seeking approval of specific notices.

It is So Ordered.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge