UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELLY J. DAVINE, JAMES E. WILLIAMS JACOB E. OGDEN, BETH A. FARRAR, and PHILIP CARDINALE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE GOLUB CORPORATION, THE PRICE CHOPPER, INC., PRICE CHOPPER OPERATING CO. OF MASSACHUSETTS, INC., NEIL M. GOLUB, JEREL GOLUB, JOHN J. ENDERS, JR., CHRISTINE C. DANIELS, AND JEREL T. GOLUB,<br><br>Defendants. | Civil Action No.:<br>3:14-cv-30136-MGM |

**DECLARATION OF JUSTIN M. SWARTZ IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION
SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT
CLASSES, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND
APPROVAL OF PROPOSED NOTICES OF SETTLEMENT**

I, Justin M. Swartz, declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner in the firm of Outten & Golden LLP ("O&G") in New York, New York, which, together with the firm of Cohen Kinne Valicenti & Cook LLP, are Plaintiffs' counsel herein. O&G is a 50-plus attorney firm based in New York City, with additional offices in Chicago, San Francisco, and Washington, D.C., that focuses on representing plaintiffs in a wide variety of employment matters, including individual and class action litigation, that involve wage and hour, discrimination, and harassment claims, as well as contract and severance negotiations.

2. I have been among the lawyers responsible for prosecuting Plaintiffs' claims on behalf of the Putative Class Members.

3. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**My Background and Experience**

4. I received a Juris Doctor degree from DePaul University School of Law in 1998 with honors. Since then, I have exclusively represented plaintiffs in employment litigation and other employee rights matters.

5. I was admitted to the bar of the State of Illinois in 1998 and the bar of the State of New York in 2002. I am also admitted to the bars of the Second Circuit Court of Appeals, the United States District Courts for the Western, Eastern, and Southern Districts of New York, and the Northern District of Illinois. I am a member in good standing of each of these bars.

6. From September 1998, through February 2002, I was associated with Stowell & Friedman, Ltd. in Chicago, Illinois, where I represented plaintiffs in class and multi-plaintiff employment discrimination cases. From March 2002 through October 2003, I worked for Goodman & Zuchlewski, LLP in New York City where I represented employees in discrimination cases and other employee rights matters.

7. Since joining O&G in December 2003, I have been engaged primarily in prosecuting wage and hour class and collective actions and class action discrimination cases.

8. I am or was co-lead counsel on several wage and hour cases that district courts have certified as class actions and/or collective actions including *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006), in which the Court granted summary judgment in favor of Plaintiffs and a class of more than 300 grocery store workers, *see* 628 F. Supp. 2d 447 (S.D.N.Y. Aug. 28, 2008). Others include *Puglisi v. T.D. Bank, N.A.*, No. 13 Civ. 637, 2015 WL 4608655, at *1 (E.D.N.Y. July 30, 2015) (certifying class

and approving settlement of nationwide wage and hour class and collective action); *Aboud v. Charles Schwab & Co.*, No. 14 Civ. 2712, 2014 WL 5794655, at *2-4 (S.D.N.Y. Nov. 4, 2014) (same); *Perez v. Allstate Ins. Co.*, No. 11 Civ. 1812, 2014 WL 4635745, at *25 (E.D.N.Y. Sept. 16, 2014) (appointing O&G as class counsel); *Clem v. KeyBank*, No. 13 Civ. 789, 2014 WL 2895918, at *2-4 (S.D.N.Y. June 20, 2014) (certifying class and approving settlement of nationwide wage and hour class and collective action); *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 5492998, at *2-4 (S.D.N.Y. Oct. 2, 2013) (certifying class action under New York Labor Law and appointing O&G as class counsel); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 472-76 (S.D.N.Y. 2013) (certifying class and approving settlement of nationwide wage and hour class and collective action).

9. I am a member of the National Employment Lawyers Association ("NELA") and its New York Chapter ("NELA/NY"). I am a former co-chair of NELA's Fair Labor Standards Act Committee. I served on the Civil Rights Committee of the New York City Bar Association from 2005 through 2008 and the Committee on Labor and Employment Law from September 2002 until June 2005. I was co-chair of the American Bar Association Labor and Employment Law Section Ethics and Professional Responsibility Committee from 2006 through 2009, and am a member of its Equal Employment Opportunity Committee. I also serve on the Recent Graduate Advisory Group of the New York University Center for Labor and Employment Law.

10. I speak frequently on employment law issues, including wage and hour issues and discrimination issues. I have recently been a faculty member for continuing legal education programs focused on employment law and ethics sponsored by the American Bar Association Section of Labor and Employment Law, the New York State Bar Association Labor and Employment Law Section, the New York City Bar Committee on Labor and Employment Law,

NELA, and the Practicing Law Institute, among others.

11. In connection with my work, I regularly read the New York Law Journal, advance sheets, and other literature related to employment law and class action law developments. I attend workshops and seminars at least four times per year sponsored by NELA, NELA/NY, the American Bar Association, and other organizations.

12. Courts have repeatedly found O&G to be adequate class counsel in wage and hour class actions. *See, e.g.*, *Ballinger v. Advance Magazine Publishers, Inc.*, No. 13 Civ. 4036, 2014 WL 7495092, at *7 (S.D.N.Y. Dec. 29, 2014) (appointing O&G as class counsel, explaining that "[b]ased on the firm's performance before me in this and other cases and its work in the foregoing and other cases, I have no question that it will prosecute the interests of the class vigorously"); *Perez*, 2014 WL 4635745, at *25 (appointing O&G as class counsel and noting that "O & G has the requisite experience in handling class actions . . . , are well versed in the applicable law, and have the resources necessary to represent the NYLL Class fairly and adequately"); *Beckman*, 293 F.R.D. at 477 (noting that O&G "are experienced employment lawyers with good reputations among the employment law bar").

**Factual Background**

13. Plaintiffs worked as Department Managers ("DMs") at Price Chopper grocery stores in Massachusetts, New York, Connecticut, Pennsylvania, Vermont, and New Hampshire. They allege that Defendants misclassified them as exempt from overtime protections and improperly denied them overtime compensation for hours that they worked over forty in many workweeks.

14. Plaintiff Shelly Davine filed this lawsuit in the U.S. District Court for the District of Massachusetts on July 30, 2014, bringing FLSA and Massachusetts Wage Act ("MWA")

claims. ECF No. 1. On August 6, 2014, Davine, along with James Williams, Jacob Ogden, Beth Farrar, and Philip Cardinale (collectively, "Named Plaintiffs"), filed a First Amended Complaint, adding claims on behalf of DMs who worked in New York, Pennsylvania, and Connecticut. ECF No. 11.

15. Each Plaintiff alleges that Defendants have failed to pay all wages and all other amounts, including but not limited to overtime compensation for hours that they worked over forty in many workweeks, misclassified them as exempt from overtime protections, made unauthorized deductions from wages, and improperly required Advisors to pay for expenses in violation of state laws.

16. On November 19, 2014, Plaintiffs filed a motion for FLSA conditional certification, which the Court granted. ECF No. 74. After notice issued, 317 collective members joined the lawsuit.

**Discovery**

17. The parties engaged in extensive discovery prior to settling the lawsuit. Defendants requested written discovery from the Named Plaintiffs and thirty opt-in Plaintiffs, to which Plaintiffs responded. Defendants also took the depositions of three Named Plaintiffs.

18. Defendants produced tens of thousands of pages of documents in response to Plaintiffs' document requests regarding its corporate policies; emails from its corporate custodians, Named Plaintiffs' managers, and the Named Plaintiffs; pay records; and personnel records.

19. The Parties engaged in discovery litigation regarding certain documents that Defendants withheld on the basis of privilege and ESI that Plaintiffs requested for opt-in Plaintiffs and certain Defendants before their depositions. *See* ECF Nos. 145-147, 149, 156-165, 185-187.

**Settlement Negotiations**

20. The Parties made two attempts to resolve the lawsuit through mediation. After the first attempt failed, on May 11, 2016, the Parties returned to mediation with Hunter Hughes, Esq., an experienced employment law mediator in December 2016. After the second meditation, the Parties continued to negotiate with Mr. Hughes's assistance, until April 13, 2017, when they reached agreement on the material terms of a settlement and executed a term sheet.

21. In advance of each mediation, the Parties exchanged information to assist them to evaluate the damages. Plaintiffs' counsel hired an expert, Hemming Morse, LLP,[1] to assist them to evaluate the compensation and time data that Defendants had provided.

22. By Plaintiffs' counsel's estimation, the average award for Opt-In Plaintiffs will be approximately $4,700 and the average award for Putative Class Members will be $2,200 (after fees, Service Awards, and costs (including settlement administration costs) are subtracted out).

23. The recovery represents approximately 42% of Putative Class Members' unpaid overtime at the half-time rate if they had prevailed on class certification and the merits, and 80% of Opt-In Plaintiffs' unpaid overtime at the half-time rate if they had avoided decertification and succeeded on the merits.[2]

24. A true and correct copy of the Joint Stipulation of Settlement and Release is attached hereto as **Exhibit A** ("Agreement").

25. At all times, the parties conducted their negotiations on an arm's-length basis.

---

[1] Founded in 1958, Hemming Morse, LLP is a national firm leading the accounting industry in Forensic and Financial Consulting Services, as well as Financial and Compliance Auditing of Employee Benefit Plans. *See* http://www.hemming.com/firm/firm-overview/

[2] The estimates are also net of any offset Defendants may be entitled to take for Sunday and holiday premium pay.

**Class Members**

26. Each proposed Class has more than 40 members. There are approximately 1,070 New York Class members, 86 Pennsylvania Class members, 111 Connecticut Class members, and 156 Massachusetts Class members.

27. The Named Plaintiffs have fully participated in the litigation of this matter understanding that the action was brought as a class action suit.

**Exhibits**

28. Attached hereto as **Exhibit B** is a true and correct copy of the Notice of Class and Collective Action Settlement and Claim Form that will be sent to all Putative Class Members.

29. Attached hereto as **Exhibit C** is a true and correct copy of the Notice of Class and Collective Action Settlement that will be sent to all Opt-In Plaintiffs.

30. Attached hereto as **Exhibit D** is background information on Defendants' counsel.

31. Attached hereto as **Exhibit E** is a proposed reminder postcard.

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: New York, New York
July 31, 2017

Respectfully submitted,

/s/ Justin M. Swartz*
Justin M. Swartz

Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Tel: (212) 245-1000

*Admitted *pro hac vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: July 31, 2017
      New York, New York

By: /s/ Justin Swartz<br>Justin Swartz (admitted *pro hac vice*)