UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELLY J. DAVINE, JAMES E. WILLIAMS, JACOB E. OGDEN, BETH A. FARRAR, and PHILIP CARDINALE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE GOLUB CORPORATION, THE PRICE CHOPPER, INC., PRICE CHOPPER OPERATING CO. OF MASSACHUSETTS, INC., NEIL M. GOLUB, and JEREL GOLUB,<br><br>Defendants. | Civil Action No.: 3:14-cv-30136-MGM |

## ORDER GRANTING PRELIMINARY APPROVAL OF THE PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT

This matter comes before the Court on the Parties' Motion for Preliminary Approval of the Joint Stipulation of Settlement and Release (the "Preliminary Approval Motion"). After review and consideration of the Joint Stipulation of Settlement and Release (the "Agreement"), the papers in support of the Preliminary Approval Motion, the proposed Class and Collective Notices, and the submissions and arguments of counsel, IT IS HEREBY ORDERED as follows:

1. Unless otherwise defined herein, all terms used in this order (the "Order Granting Preliminary Approval") will have the same meaning as defined in the Agreement.

2. The Court grants preliminary approval of the Agreement. The proposed $6,500,000.00 settlement, as embodied in the terms of the Agreement, is a fair, reasonable, and adequate settlement of this case and in the best interests of the Class Members, in light of the factual, legal, practical, and procedural considerations raised by this case.

3. The Agreement appears to be the result of extensive, arm's-length negotiations between the Parties after Plaintiffs' counsel and Defendants' counsel had investigated the claims

and become familiar with their strengths and weaknesses. The Parties were assisted by a neutral mediator. The settlement appears not to be collusive, has no obvious defects, and falls within the range of reasonableness.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes only, the following state law classes:

    a. all current and former Department Managers in the Commonwealth of Massachusetts during the period from July 30, 2011 through December 1, 2016;

    b. all current and former Department Managers in the State of New York during the period from July 30, 2008 through December 1, 2016;

    c. all current and former Department Managers in the State of Pennsylvania during the period from July 30, 2011 through December 1, 2016; and

    d. all current and former Department Managers in the State of Connecticut during the period from July 30, 2012 through December 1, 2016.

5. The classes satisfy the requirements for certification under Rule 23(a) and (b)(3). Each class is sufficiently numerous that joinder is impractical. Class members' claims share common issues of fact and law, including whether Price Chopper misclassified them as exempt and failed to pay them overtime. The Named Plaintiffs' claims are typical of the claims of the class members since they arise out of the same alleged unlawful policy. The Named Plaintiffs are adequate representatives of the classes because their interests are co-extensive with the interests of the class members and are not in conflict with them. Plaintiffs have also retained experienced counsel to represent the classes. The questions of law and fact common to the classes predominate over individualized issues, and class action treatment is a superior way to fairly and efficiently adjudicate this controversy.

6. The Court appoints Shelly J. Davine, James E. Williams, Jacob E. Ogden, Beth A. Farrar and Philip Cardinale as class representatives.

7. The Court appoints the following attorneys as Class Counsel: Justin Swartz, Rachel Bien, and Michael N. Litrownik of Outten & Golden LLP, and Kevin M. Kinne and Benjamin Steffans of Cohen Kinne Valicenti & Cook LLP.

8.  The Court approves CPT Group as the Settlement Claims Administrator to perform duties in accordance with the Agreement.

9.  The Court finds that the procedures for notifying Putative Class Members about the Settlement as described in the Agreement provide the best notice practicable under the circumstances and therefore meet the requirements of due process, and directs the mailing of the Notices in accordance with the Agreement.

10. The Court approves, as to form and content, the proposed Notices and Claim Form, attached as Exhibits B & C to the Declaration of Justin M. Swartz, and the proposed reminder postcard, attached as Exhibit E to the Swartz Declaration. The Settlement Claims Administrator is authorized to mail those documents, after they are updated with the appropriate dates and deadlines consistent with the Agreement, as provided in the Agreement.

11. The Parties are ordered to carry out the settlement according to the terms of the Agreement.

12. The Court will conduct a Fairness Hearing on January 18, 2018 at 11:00 a.m. ~~/p.m.~~ for the purposes of: (a) making a final determination of the fairness, adequacy, and reasonableness of the settlement terms and procedures; (b) fixing the amount of attorneys' fees and litigation costs and expenses to Class Counsel and Service Awards to the Named Plaintiffs; (c) hearing any timely and properly filed objections; and (d) entering Judgment. The Fairness Hearing may be continued without further notice to Class Members. The Parties shall file their motion for final approval of the settlement, and Class Counsel shall file their motion for attorneys' fees, litigation costs and expenses, and Service Awards on or before 15 days prior to the Fairness Hearing.

**IT IS SO ORDERED.**

DATED: 10/5, 2017

_____
Honorable Mark G. Mastroianni
United States District Judge