UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELLY J. DAVINE, JAMES E. WILLIAMS, JACOB E. OGDEN, BETH A. FARRAR, and PHILIP CARDINALE on behalf of themselves and all others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>THE GOLUB CORPORATION, THE PRICE CHOPPER, INC., and PRICE CHOPPER OPERATING CO. OF MASSACHUSETTS, INC.,<br><br>**Defendants.** | Civil Action No.:<br>3:14-cv-30136-MGM |

**DECLARATION OF KEVIN M. KINNE IN SUPPORT OF
PLAINTIFFS' MOTION FOR APPROVAL OF SETTLEMENT, SERVICE AWARDS,
AND ATTORNEYS' FEES AND COSTS**

I, Kevin M. Kinne, declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner and founder of the firm of Cohen Kinne Valicenti & Cook LLP ("CKVC") in Pittsfield, Massachusetts, which, together with the firm of Outten & Golden LLP ("O&G") of New York, New York are Plaintiffs' counsel herein ("Class Counsel").

2. CKVC is an 11-attorney firm based in Pittsfield, Massachusetts, with additional offices in Worcester, Massachusetts and Great Barrington, Massachusetts.

3. The first class representative in this case, Shelley J. Davine, initially consulted with CKVC about the claims in this case (the "Claims").

4. As of July, 2014, CKVC had an established relationship with Ms. Davine and other Price Chopper employees it had interviewed about the Claims and had expended a considerable amount of time and resources undertaking a factual and legal investigation regarding the Claims.

5. After deciding that the Claims had merit, CKVC contacted O&G about working together with CKVC with respect to the Claims on behalf of Ms. Davine and others similarly situated because of O&G's firm resources and its significant expertise/experience in class/collective action cases.

6. As of July 18, 2014, CKVC and O&G agreed to work together as co-counsel with respect to the Claims and entered into a Co-Counsel Agreement.

7. I have been among the attorneys responsible for prosecuting Plaintiffs' claims on behalf of the Putative Class Members in this case.

8. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**My Background and Experience**

9. I graduated with honors from Amherst College in 1987. In 1988, I received an M.S. degree from the University of Massachusetts and then obtained my law degree from Northeastern University School of Law in 1991.

10. I was admitted to the bar of the Commonwealth of Massachusetts in 1991. I am also admitted to the bars of the First Circuit Court of Appeals and the United States District Courts for the Districts of Massachusetts and Connecticut. I am a member in good standing of each of these bars.

11. I began my law career in 1991 at the law firm of Palmer & Dodge in Boston, Massachusetts, where I was a member of that firm's Labor and Employment Practice Group. Since then I have continued to concentrate my practice in the area of employment law as an associate and partner in the Pittsfield law firm of Cain Hibbard Myers & Cook, PC from 1993-2009, and since then as a partner at CKVC.

12. Throughout my career, I have focused my practice on representing clients in employment-related litigation, including class, collective and individual wage and hour cases and cases alleging discrimination, retaliation and termination in violation of public policy. CKVC has an entire practice group devoted to employment law cases. I am the founder and chairperson of that practice group.

13. During 26 years of practicing Massachusetts employment law, I have successfully prosecuted or defended numerous employment law cases, including class/collective actions.

14. I am an experienced trial attorney and a member of the bar of the Commonwealth of Massachusetts, the United States District Court for the District of Massachusetts and the First Circuit Court of Appeals. I have been recognized as a Top-Rated Massachusetts and New England Super Lawyer in the field of Employment and Labor Law. I have presented employment law and wage and hour seminars to business groups, schools/colleges and retail employers. I also have presented on employment law topics at continuing legal education seminars for other attorneys through Massachusetts Continuing Legal Education, Inc.

15. In connection with my work, I regularly read Massachusetts Lawyers Weekly, advance sheets, and other literature related to employment law and class action developments.

**Attorney Time Spent on the Negotiations and Litigation**

16. As of December 18, 2017, CKVC has spent 1,068.85 attorney and paralegal hours investigating, litigating and settling this matter. This includes time spent interviewing Ms. Davine, all other named Plaintiffs and other witnesses, working together with Opt-In Plaintiffs, engaging in extensive written and deposition discovery, multiple mediations negotiating with Defendants to reach a settlement, drafting preliminary and final approval papers, and answering Class Member questions about the settlement and notice process.

17. As lead counsel, O&G was responsible for directing its own work and assigning work to CKVC in this case. CKVC performed all tasks directed and assigned by O&G so as to minimize duplication of efforts and maximize billing efficiency. CKVC also made every effort to have work performed by the attorney or paralegal with the lowest hourly rate who could perform the work effectively.

18. CKVC's total lodestar on the case is $464,390.00.

19. The hours reported are reasonable for a case of this complexity and size and were compiled from contemporaneous time records maintained by each attorney and paralegal participating in the case. Attached as **Exhibit A** are CKVC's contemporaneous time records.

20. The requested attorneys' fees are not based solely on time and effort already expended; they are also meant to compensate CKVC and O&G for time that they will be required to spend administering the settlement in the future. CKVC anticipates responding to many Class Member inquiries after final approval, especially after checks are issued. CKVC also expects to spend additional time working on this case, including preparing for and attending the final fairness hearing, answering class member questions, answering questions from the claims administrator, and negotiating and possibly litigating disagreements with Defendants about administering the settlement and distributing the fund.

21. CKVC undertook to prosecute this action without any assurance of payment for their services, litigating the case on a wholly contingent basis in the face of significant risk. Class and collective wage and hour cases of this type are, by their very nature, complicated and time-consuming. Any lawyer undertaking representation of large numbers of affected employees in wage and hour actions inevitably must be prepared to make a tremendous investment of time, energy and resources. Due also to the contingent nature of the customary fee arrangement,

lawyers are asked to be prepared to make this investment with the very real possibility of an unsuccessful outcome and no fee of any kind. CKVC stood to gain nothing in the event the case was unsuccessful. CKVC invested over 1,068 hours of time into litigating this specific action. CKVC knew in advance that there was a possibility that it would recover nothing, even though it believed that this case was meritorious.

22. To date, CKVC's efforts have been without compensation, and its entitlement to payment has been wholly contingent upon the result achieved.

**Settlement Costs**

23. As of December 18, 2017, CKVC has incurred $5,027.04 in costs. These costs include discovery costs, filing fees, photocopying, mailing expenses, travel, and other reasonable litigation-related costs. *See* **Exhibit B** (Costs Summary). These costs were necessary in connection with the prosecution of the litigation and were incurred for the benefit of the Class.

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: January 3, 2018
      Pittsfield, Massachusetts

Respectfully submitted,

 */s/ Kevin M. Kinne*
Kevin M. Kinne

**COHEN KINNE VALICENTI & COOK LLP**
28 North Street, Third Floor
Pittsfield, MA  01201
Telephone: (413) 443-9399

## CERTIFICATION OF SERVICE

      I hereby certify that on **January 3, 2018,** a copy of the foregoing documents were filed electronically and service made by certified mail to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by certified mail for anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                                                   */s/ Kevin M. Kinne*
                                                   Kevin M. Kinne