UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELLY J. DAVINE, JAMES E. WILLIAMS, JACOB E. OGDEN, BETH A. FARRAR, and PHILIP CARDINALE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE GOLUB CORPORATION, THE PRICE CHOPPER, INC., PRICE CHOPPER OPERATING CO. OF MASSACHUSETTS, INC.,<br><br>Defendants. | Civil Action No.:<br>3:14-cv-30136-MGM |

DECLARATION OF JUSTIN M. SWARTZ IN SUPPORT OF
PLAINTIFFS' MOTION FOR APPROVAL OF SETTLEMENT, SERVICE AWARDS,
AND ATTORNEYS' FEES AND COSTS

I, Justin M. Swartz, declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner in the firm of Outten & Golden LLP ("O&G") in New York, New York, which, together with the firm of Cohen Kinne Valicenti & Cook LLP, are Class Counsel herein. O&G is a 50-plus attorney firm based in New York City, with additional offices in Chicago, San Francisco, and Washington, D.C., that focuses on representing plaintiffs in a wide variety of employment matters, including individual and class action litigation, that involve wage and hour, discrimination, and harassment claims, as well as contract and severance negotiations.

2. I am one of the lawyers responsible for prosecuting Plaintiffs' claims on behalf of the Putative Class Members.

3. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

**My Background and Experience**

4. I received a Juris Doctor degree from DePaul University School of Law in 1998 with honors. Since then, I have exclusively represented plaintiffs in employment litigation and other employee rights matters.

5. I was admitted to the bar of the State of Illinois in 1998, and the bar of the State of New York in 2002. I am also admitted to the bars of the Second Circuit Court of Appeals, the United States District Courts for the Western, Eastern, and Southern Districts of New York, and the Northern District of Illinois. I am a member in good standing of each of these bars.

6. From September 1998 through February 2002, I was associated with Stowell & Friedman, Ltd. in Chicago, Illinois, where I represented plaintiffs in class and multi-plaintiff employment discrimination cases. From March 2002 through October 2003, I worked for Goodman & Zuchlewski, LLP in New York City where I represented employees in discrimination cases and other employee rights matters.

7. Since joining O&G in December 2003, I have been engaged primarily in prosecuting wage and hour class and collective actions and class action discrimination cases.

8. I am or was co-lead counsel on many wage and hour cases that district courts have certified as class actions and/or collective actions including *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 WL 2819730 (S.D.N.Y. Sept. 29. 2006), in which the Court granted summary judgment in favor of Plaintiffs and a class of more than 300 grocery store workers, *see* 628 F. Supp. 2d 447 (S.D.N.Y. Aug. 28, 2008). Others include *Briggs v. PNC Financial Services Group, Inc.*, No. 15 Civ. 10446, 2016 WL 1043429 (N.D. Ill. Mar. 16, 2016) (certifying collective of nationwide assistant managers); *Watson v. Jimmy John's, LLC*, No. 15 Civ. 6010, 2015 WL 7180516, at *1 (N.D. Ill. Nov. 13, 2015) (certifying collective of

nationwide assistant managers); *Flood v. Carlson Restaurants Inc.*, No. 14 Civ. 2740, 2015 WL 260436, at *1 (S.D.N.Y. Jan. 20, 2015) (certifying collective of nationwide tipped workers); *Aboud v. Charles Schwab & Co.*, No. 14 Civ. 2712, 2014 WL 5794655, at *2-4 (S.D.N.Y. Nov. 4, 2014) (certifying class and approving settlement of nationwide wage and hour class and collective action); *Perez v. Allstate Ins. Co.*, No. 11 Civ. 1812, 2014 WL 4635745, at *25 (E.D.N.Y. Sept. 16, 2014) (certifying class action under New York Labor Law and appointing O&G as class counsel); *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 5492998, at *2-4 (S.D.N.Y. Oct. 2, 2013) (same); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 472-76 (S.D.N.Y. 2013) (certifying class and approving settlement of nationwide wage and hour class and collective action); *Toure v. Amerigroup Corp.*, No. 10 Civ. 5391, 2012 WL 3240461, at *2-4 (E.D.N.Y. Aug. 6, 2012) (certifying class and approving settlement of wage and hour class action brought under New York and federal law); *Capsolas v. Pasta Res. Inc.*, No. 10 Civ. 5595, 2012 WL 1656920 (S.D.N.Y. May 9, 2012) (certifying class and approving settlement of wage and hour class action brought under New York and federal law); *Nash v. CVS Caremark Corp.*, No. 09 Civ. 00079 (D.R.I. April 9, 2012) (ECF No. 137) (certifying class and approving settlement of wage and hour class action brought under federal law and multi-state wage and hour law); *Johnson v. Brennan*, No. 10 Civ. 4712, 2011 WL 1872405, at *1 (S.D.N.Y. May 17, 2011) (certifying class and approving settlement of wage and hour class action brought under New York and federal law); *McMahon v. Olivier Cheng Catering and Events, LLC*, No. 08 Civ. 8713, 2010 WL 2399328 (S.D.N.Y. Mar. 3, 2010) (same); and *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (granting class certification and appointing O&G class counsel in multi-state wage and hour class action).

   9.  I am a member of the National Employment Lawyers Association ("NELA") and

serve on the Executive Board of its New York Chapter ("NELA/NY"). I am co-chair of NELA's Fair Labor Standards Act Committee. I served on the Civil Rights Committee of the New York City Bar Association of the Bar of the City of New York from 2005 through 2008 and the Committee on Labor and Employment Law from September 2002 until June 2005. I was co-chair of the American Bar Association Labor and Employment Law Section Ethics and Professional Responsibility Committee from 2006 through 2009, and am a member of its Equal Employment Opportunity Committee. I also serve on the Recent Graduate Advisory Group of the New York University Center for Labor and Employment Law.

10. I speak frequently on employment law issues, including wage and hour issues and discrimination issues. I have recently been a faculty member for continuing legal education programs focused on employment law and ethics sponsored by the American Bar Association Section of Labor and Employment Law; the New York State Bar Association Labor and Employment Law Section; the New York City Bar Committee on Labor and Employment Law, NELA, and the Practicing Law Institute, among others.

11. In connection with my work, I regularly read the New York Law Journal, advance sheets, and other literature related to employment law and class action law developments. I attend workshops and seminars at least four times per year sponsored by NELA, NELA/NY, the American Bar Association, and other organizations.

**Background and Experience of Other Attorneys Who Spent Significant Time on the Case**

12. Rachel Bien is a partner at O&G. She received a Juris Doctor degree cum laude from Brooklyn Law School in 2005. After serving as a judicial clerk for the Honorable Thomas G. Nelson on the Ninth Circuit Court of Appeals, she joined O&G in 2006, where she has exclusively represented plaintiffs in employment litigation and other employee rights matters.

13. Ms. Bien is a member of the American Bar Association's Labor and Employment Law Section. She is also a member of the National Employment Lawyers Association ("NELA") and NELA's California Chapter. She speaks frequently on employment law issues, including wage and hour topics.

14. Ms. Bien was co-lead counsel on several wage and hour cases that district courts have certified as class actions and/or collective actions including *Behzadi v. International Creative Management Partners, LLC*, No. 14 Civ. 4382, 2015 WL 4210906 (S.D.N.Y. July 9, 2015) (certifying class and collective of unpaid interns and approving settlement of wage and hour class action brought under New York and federal law); *Ballinger v. Advance Magazine Publishers, Inc.*, No. 13 Civ. 4036, 2014 WL 7495092 (S.D.N.Y. Dec. 29, 2014) (same); *Capsolas v. Pasta Resources Inc.*, No. 10 Civ. 5595, 2012 WL 1656920 (S.D.N.Y. May 9, 2012) (certifying class of restaurant workers and approving settlement of wage and hour class action brought under New York and federal law); *Toure v. Amerigroup New York LLC*, No. 10 Civ. 5391, 2012 WL 3240461 (E.D.N.Y. Aug. 6, 2012) (certifying class of Marketing Representatives and approving classwide settlement).

15. Michael N. Litrownik is an associate at O&G. Prior to joining the firm in June 2013, Mr. Litrownik prosecuted class actions on behalf of consumers and workers at Bromberg Law Office, P.C. in New York City. Mr. Litrownik received his J.D. from Washington University School of Law in 2010, where he served as a Senior Editor on *Washington University Law Review*. Mr. Litrownik is a member of the National Employment Lawyers Association – New York, where he serves on the Judiciary Committee, the New York City Bar Association, where he serves on the Public Service Committee, and the Federal Bar Council.

16. Katrina L. Eiland joined O&G as an associate in May 2014. Prior to joining

O&G, she completed a clerkship with the Honorable Keith P. Ellison of the United States District Court for the Southern District of Texas and served as a Civil Rights Fellow and associate at Goldstein, Borgen, Dardarian & Ho.  She received her undergraduate degree from the University of California, Los Angeles in 2003 and her J.D. from Stanford Law School in 2010.

17. Chauniqua D. Young was an associate at O&G.  Prior to joining the firm in September 2014, she was a Bertha Justice Fellow at the Center for Constitutional Rights, where she litigated class action cases on a range of civil rights issues.  Ms. Young received her B.A. in Liberal Arts from Sarah Lawrence College and her J.D. from Benjamin N. Cardozo School of Law in 2012.  Ms. Young is active in the New York City Bar Association where she currently serves on the Civil Rights Committee.

**O&G's General Expertise**

18. O&G is nationally recognized for its expertise in litigating complex class actions, including wage and hour cases like this one.  *See, e.g.*, *Ballinger v. Advance Magazine Publishers, Inc.*, No. 13 Civ. 4036, 2014 WL 7495092, at *7 (S.D.N.Y. Dec. 29, 2014) (appointing O&G as class counsel, explaining that "[b]ased on the firm's performance before [the court] in this and other cases and its work in the foregoing and other cases, [the court has] no question that it will prosecute the interests of the class vigorously."); *Beckman*, 293 F.R.D. at 477 (noting that O&G "are experienced employment lawyers with good reputations among the employment law bar"); *Yuzary v. HSBC USA, N.A.*, No. 12 Civ. 3693, 2013 WL 1832181, at *4 (S.D.N.Y. Apr. 30, 2013) (appointing O&G as class counsel); *Capsolas*, 2012 WL 1656920, at *2 (appointing O&G as class counsel and noting O&G attorneys "have years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law

and in class action law"); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 622 (S.D.N.Y. 2012) (O&G attorneys "have substantial experience prosecuting wage and hour and other employment-based class and collective actions."); *McMahon*, 2010 WL 2399328, at *6 (O&G "are experienced employment lawyers with good reputations among the employment law bar . . . [and] have prosecuted and favorably settled many employment law class actions, including wage and hour class actions"); *Damassia*, 250 F.R.D. at 158 (O&G lawyers have "an established record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on the case are likewise competent and experienced in the area").

**Overview of Litigation, Investigation, and Settlement Negotiations**

19.     Plaintiffs worked as Department Managers ("DMs") at Price Chopper grocery stores in Massachusetts, New York, Connecticut, Pennsylvania, Vermont, and New Hampshire. They allege that Defendants misclassified them as exempt from overtime protections and improperly denied them overtime compensation for hours that they worked over forty in many workweeks.

20.     Plaintiff Shelly Davine filed this lawsuit in the U.S. District Court for the District of Massachusetts on July 30, 2014, bringing FLSA and Massachusetts Wage Act ("MWA") claims.  ECF No. 1.  On August 6, 2014, Davine, along with James Williams, Jacob Ogden, Beth Farrar, and Philip Cardinale (collectively, "Named Plaintiffs"), filed a First Amended Complaint, adding claims on behalf of DMs who worked in New York, Pennsylvania, and Connecticut. ECF No. 11.

21.     On November 19, 2014, Plaintiffs filed a motion for FLSA conditional certification, which the Court granted.  ECF No. 74.  After notice issued, 317 collective members joined the lawsuit.

22. The parties engaged in extensive discovery prior to settling the lawsuit. Defendants requested written discovery from the Named Plaintiffs and thirty opt-in Plaintiffs, to which Plaintiffs responded. Defendants also took the depositions of three Named Plaintiffs.

23. Defendants produced tens of thousands of pages of documents in response to Plaintiffs' document requests regarding its corporate policies; emails from its corporate custodians, Named Plaintiffs' managers, and the Named Plaintiffs; pay records; and personnel records.

24. The Parties engaged in discovery litigation regarding certain documents that Defendants withheld on the basis of privilege and ESI that Plaintiffs requested for opt-in Plaintiffs and certain Defendants before their depositions. *See* ECF Nos. 145-147, 149, 156-165, 185-187.

25. The Parties made two attempts to resolve the lawsuit through mediation. After the first attempt failed on May 11, 2016, the Parties returned to mediation with Hunter Hughes, Esq., an experienced employment law mediator in December 2016. After the second meditation, the Parties continued to negotiate with Mr. Hughes's assistance, until April 13, 2017, when they reached agreement on the material terms of a settlement and executed a term sheet.

26. In advance of each mediation, the Parties exchanged information to assist them to evaluate the damages. Plaintiffs' counsel hired an expert, Hemming Morse, LLP,[1] to assist them to evaluate the compensation and time data that Defendants had provided.

27. On July 31, 2017, the Parties jointly moved for preliminary approval of the Agreement, a copy of which is attached as **Exhibit A**. On October 5, 2017, the Court preliminarily approved the Agreement, and directed the dissemination of notice to the Putative Class Members.

---

[1] Founded in 1958, Hemming Morse, LLP is a national firm leading the accounting industry in Forensic and Financial Consulting Services, as well as Financial and Compliance Auditing of Employee Benefit Plans. *See* http://www.hemming.com/firm/firm-overview/

8

28. The recovery represents approximately 42% of Putative Class Members' unpaid overtime at the half-time rate if they had prevailed on class certification and the merits, and 80% of Opt-In Plaintiffs' unpaid overtime at the half-time rate if they had avoided decertification and succeeded on the merits.[2]

**Settlement Claims Administrator**

29. The parties have retained CPT Group, Inc. ("CPT") to serve as the Settlement Claims Administrator.

30. Attached as **Exhibit B** is the declaration of Kelsey Skey, Case Manager II, at CPT ("Skey Decl.").

**Service Awards**

31. Each Named Plaintiff actively participated in the investigation and litigation of the lawsuit, gave significant amounts of their own time, and helped to achieve a substantial benefit for Class Members.

32. Each provided documents and information as part of the discovery process. Three Plaintiffs, Mr. Ogden, Ms. Farrar, and Mr. Cardinale, prepared for several hours for their depositions and had their depositions taken. Ms. Davine and Ms. Farrar attended the first mediation in person.

33. Throughout the case, Mr. Cardinale was a Price Chopper employee.

**Attorney Time Spent on the Negotiations and Litigation**

34. As of December 28, 2017, Class Counsel has spent over 6,000 attorney, paralegal, and support staff hours investigating, litigating, and settling this matter.

35. Although O&G is relatively large for a plaintiff-side employment law firm, a

---

[2] The estimates are also net of any offset Defendants may be entitled to take for Sunday and holiday premium pay.

9

small team of attorneys was used at any one time to minimize duplication of efforts and maximize billing efficiency. O&G also made every effort to have work performed by the attorney or paralegal with the lowest hourly rate who could perform the work effectively.

36. As of December 28, 2017, O&G's total lodestar on the case was $1,898,793.50.

37. The hours reported are reasonable for a case of this complexity and size and were compiled from contemporaneous time records maintained by each attorney, paralegal, and support staff person participating in the case. Attached as **Exhibit C** are O&G's contemporaneous time records.

38. The requested attorneys' fees are not based solely on time and effort already expended; they are also meant to compensate Class Counsel for time that they will be required to spend administering the settlement in the future. In Class Counsel's experience, administering class settlements of this nature and size requires a substantial and ongoing commitment. Class Counsel anticipates responding to many Class Member inquiries after final approval, especially after checks are issued. Class Counsel also expects to spend additional time working on this case, including preparing for and attending the final fairness hearing, answering class member questions, answering questions from the claims administrator, and negotiating and possibly litigating disagreements with Defendants about administering the settlement and distributing the fund. *See, e.g.*, *Nash v. CVS Caremark Corp.*, No. 09 Civ. 79, 2013 WL 684836, at *1 (D.R.I. Feb. 25, 2013) (granting in part plaintiffs' motion to order defendants to comply with class settlement agreement); *Johnson v. Brennan*, No. 10 Civ. 4712, 2012 WL 6584019, at *1-3 (S.D.N.Y. Dec. 12, 2012) (resolving dispute over whether *cy pres* designee was appropriate); *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2009 WL 466148 (S.D.N.Y. Feb. 24, 2009) (granting plaintiff's motion for contempt sanctions and ordering defendants to comply

with the Court's orders).

39. Class Counsel undertook to prosecute this action without any assurance of payment for their services, litigating the case on a wholly contingent basis in the face of significant risk. Class and collective wage and hour cases of this type are, by their very nature, complicated and time-consuming. Any lawyer undertaking representation of large numbers of affected employees in wage and hour actions inevitably must be prepared to make a tremendous investment of time, energy and resources. Due also to the contingent nature of the customary fee arrangement, lawyers are asked to be prepared to make this investment with the very real possibility of an unsuccessful outcome and no fee of any kind. Class Counsel stood to gain nothing in the event the case was unsuccessful. Class Counsel knew in advance that there was a significant likelihood that they would recover nothing, even though they believed that this case, like others, was meritorious. If they were told in advance that they could only recover slightly more than they spent even if they achieved a favorable outcome for the Class, they would not have taken the case.

40. To date, Class Counsel's efforts have been without compensation, and their entitlement to payment has been wholly contingent upon the result achieved.

**Settlement Costs**

41. As of December 28, 2017, O&G has incurred $76,747.19 in costs and expenses for discovery-related costs, filing fees, payments to mediators and experts, photocopying, telephone conference calls, mailing expenses, travel, and other reasonable litigation-related costs. *See* **Exhibit D** (Costs Summary). These costs and expenses were necessary in connection with the prosecution of the litigation and were incurred for the benefit of the Class.

**Outstanding Issues Regarding Certain Class Members**

42. As of the date of this submission, the Claims Administrator has received three responses that it deems deficient and 13 responses that it deems untimely. *See* Ex. B (Skey Decl.) ¶¶ 19-20.

43. Regarding the deficient responses, two are Claim Forms. One was submitted by Richard Condon, who was not on the class list provided by Defendants. The parties are investigating whether Mr. Condon should have been included on the class list and Class Counsel will be prepared to update the Court regarding this matter at the Fairness Hearing.

44. The second deficient Claim Form was submitted by the daughter of a Class Member, Richard Perna. The parties have instructed the Claims Administrator to seek to obtain a corrected Claim Form from Mr. Perna or documentation showing that Mr. Perna's daughter can sign his Claim Form on his behalf.

45. With respect to the untimely Claim Forms, Plaintiffs asked for Defendants' consent to allow them to participate. Defendants declined.

46. The Claim Forms were postmarked shortly after the December 11, 2017 deadline. Six Class Members included an explanation with their Claim Form that, in Plaintiffs' view, justifies its untimeliness. Class Counsel has asked the Claims Administrator to provide contact information for those who did not provide an explanation so that we can confer with them. Class Counsel will be prepared to update the Court with any information they obtain from these Class Members at the Fairness Hearing.

47. Information from the Claims Administrator regarding the untimely Claimants is set forth below:

| Name | Postmark Date | Estimated Recovery | Explanation |
|---|---|---|---|
| John Reed | 12/12/2017 | $1,620.03 | |
| Michael Haines | 12/13/2017 | $2,559.29 | Notice sent to old address. |
| Julie Doggett | 12/13/2017 | $4,892.34 | |
| Anthony Rebecca | 12/13/2017 | $394.95 | |
| Terrance Hanley | 12/13/2017 | $406.97 | |
| Mitchell Freiberger | 12/15/2017 | $1,069.30 | Delay in receiving notice because moved from NY to VT and mail was forwarded to family member in NY. |
| Wayne Bradley | 12/20/2017 | $4,892.34 | Heard about case from a co-worker. Called the claims administrator and was sent a notice and asked to fax it in with an explanation for why it was late. |
| Shane Caballero | 12/15/2017 | $2,077.69 | |
| Carleen Kerr | 12/21/2017 | $1,559.00 | Personal issues involving new baby with health issues delayed locating notice and responding. |
| Keith Guido | 12/22/2017 | $4,510.21 | |
| Chelsea Hoffman | 12/20/2017 | $1,430.65 | Received notice late on 12/15/17. Mail carrier did not close mailbox all the way and envelope was wet. Called claims administrator on 12/18/17 and explained what happened. |
| David Warney | 12/19/2017 | $396.63 | Did not receive notice until 12/15/17. Called claims administrator on 12/18/17 and told to include a note with the claim. Original envelope did not have his correct address. |
| Gina Medulla | 12/18/2017 | $4,614.51 | |

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: January 3, 2018
      New York, New York        Respectfully submitted,

                                          */s/ Justin M. Swartz**
                                          Justin M. Swartz

                                          **OUTTEN & GOLDEN LLP**
                                          685 Third Avenue, 25th Floor
                                          New York, New York 10017
                                          Telephone: (212) 245-1000
                                          Facsimile: (646) 509-2060

                                          *Admitted *pro hac vice*

## **CERTIFICATION OF SERVICE**

I hereby certify that on **January 3, 2018**, a copy of the foregoing documents were filed electronically and service made by certified mail to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by certified mail for anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                                       */s/ Justin M. Swartz*
                                       Justin M. Swartz (admitted *pro hac vice*)