UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHELLY J. DAVINE, JAMES E. WILLIAMS, JACOB E. OGDEN, BETH A. FARRAR, and PHILIP CARDINALE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE GOLUB CORPORATION, THE PRICE CHOPPER, INC., and PRICE CHOPPER OPERATING CO. OF MASSACHUSETTS, INC.,<br><br>Defendants. | Civil Action No.: 3:14-cv-30136-MGM |

### REVISED [PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT, APPROVING SERVICE AWARDS, AND APPROVING ATTORNEYS' FEES, COSTS, AND EXPENSES

This matter came before the Court on the Motions for Final Approval of Settlement, Service Awards, and Attorneys' Fees and Costs ("Settlement Approval Motions"). After reviewing the Settlement Approval Motions, the supporting Memorandum of Law, the Declarations of Justin M. Swartz, Kevin M. Kinne, and the Claims Administrator, and supporting exhibits, and conducting a fairness hearing on January 19, 2018, the Court hereby finds as follows:

### The Settlement Is Approved

1. The Court grants final approval of the settlement memorialized in the Settlement Agreement, which provides for a maximum payment of $6,500,000.00, and "so orders" all of its terms which are incorporated herein. Capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2. For settlement purposes only, the Court certifies the Rule 23 Settlement Class defined in this Settlement Agreement pursuant to Fed. R. Civ. P. 23(e) ("Settlement Class").

3. The Settlement Class meets all of the requirements for class certification under Federal Rules of Civil Procedure 23(a) and (b)(3) for purposes of settlement only.

4. Outten & Golden LLP and Cohen Kinne Valicenti & Cook LLP, which the Court previously appointed as Class Counsel in its Preliminary Approval Order, satisfy the adequacy requirements of Rule 23(a)(4).

5. The Court approves the settlement and all terms set forth in the Settlement Agreement, and finds that the settlement is, in all respects, fair, adequate, reasonable, and binding on Participating Class Members who have not timely and properly opted out pursuant to Paragraph 2.5 of the Settlement Agreement.

6. The Court has considered whether to accept claim forms postmarked after the December 11, 2017 deadline, but before December 31, 2017. The Court finds that good cause supports accepting claim forms submitted by: Michael Haines, Mitchell Freiberger, Wayne Bradley, Chelsea Hoffman Warney, David Warney, and Rachel Duhart.

7. The parties also consent to the acceptance of the late claim forms submitted by Carleen Kerr, Gina Guardino, and Louis Salvione. The Court will accept these claim forms because good cause exists for their delay.

8. The Court will not accept any other claim forms submitted after the deadline with respect to which class members failed to provide good cause for their tardiness. To the extent that additional claim forms are submitted, pursuant to the Settlement Agreement, these claim forms are not timely and will not be accepted.

9. The Court grants the Motion for Attorneys' Fees and Costs and awards Class

Counsel one-third of the Class Settlement Amount ($2,166,666.67) as their attorneys' fees, plus $75,000.00 in costs and expenses reasonably expended litigating and resolving the lawsuit. The fee award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, and the risk that Class Counsel undertook in bringing the claims. These amounts shall be paid from the Gross Settlement Amount.

10. The Court finds reasonable the service awards in the amount of $10,000.00 each to Plaintiffs Shelly J. Davine, James E. Williams, Jacob E. Ogden, Beth A. Farrar, and Philip Cardinale in recognition of the services they rendered on behalf of the Class Members. These amounts shall be paid from the Gross Settlement Amount.

11. The Court approves the Claims Administrator's fees and costs of $28,032.00. This amount shall be paid from the Gross Settlement Amount.

12. If no individual or party appeals this Order, the Effective Date will be 35 days after the Order is entered.

13. If an individual or party appeals this Order, the Effective Date will be the day after all appeals are resolved in favor of final approval.

14. Within 15 business days after the Effective Date, Defendants will deposit the total amount of any payments due to the Named Plaintiffs and Opt-In Plaintiffs from the Opt-In Fund into the Qualified Settlement Fund.

15. Within 20 days after the Effective Date, the Settlement Claims Administrator will provide the Parties with the final list of Participating Class Members who are entitled to receive payments. Defendants will then deposit into the Qualified Settlement Fund the Employer Payroll Taxes and total amount of payments for Participating Class Members within 30 business days. The Settlement Checks will be mailed to Participating Class Members by the Settlement Claims

Administrator ten (10) business days after that deposit.

16. Any unclaimed funds and unnegotiated Settlement Checks to Participating Class Members that are not cashed within 90 days after the date of mailing shall be void and a stop payment shall be issued on the check. Any unclaimed funds from unnegotiated checks shall revert to Price Chopper within 30 days.

17. Upon the fulfillment of all settlement terms, the entire Litigation will be dismissed with prejudice, and without costs, expenses or attorneys' fees to any party except as provided in the Settlement Agreement and this Order. Upon the Effective Date, Plaintiffs and all Settlement Class Members who did not opt out are permanently enjoined from asserting, pursuing, and/or seeking to reopen claims that have been released pursuant to the Settlement Agreement.

18. The Court retains jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

19. The parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this 2 day of March, 2018

Honorable Mark G. Mastroianni
United States District Judge